[S. F. No. 4981. In Bank.—June 9, 1908.]

In the Matter of the Estate of ALPHEUS BULL, Deceased. IRENE BULL, Widow and Sole Legatee, Appellant; JOHN McDOUGALD, Treasurer of City and County of San Francisco, Respondent.

ESTATES OF DECEASED PERSONS—INHERITANCE TAX—CONSTRUCTION OF ACT OF 1905—ESTATES EXCEEDING TWENTY-FIVE THOUSAND DOLLARS—PRIMARY RATES.—Under section 3 of the Inheritance Tax Act of 1905, where the estate exceeds twenty-five thousand dollars in value, the primary rates imposed on the first twenty-five thousand dollars in section 2 of the act are to be computed, besides the

computation upon the excess over that sum, provided for in section 3. The reference in section 3 to section 2 of the act as to primary rates, shows the intention of the legislature to charge the primary rates in all cases, whether the estate is less than or exceeds twenty-five thousand dollars in value.

ID.—STRICT CONSTRUCTION OF TAXING LAW.—EXEMPTIONS.—The rule favoring a strict construction of a taxing law, extends also to exemptions, as well as to impositions, and there should be a strict construction against an exemption which would yield absurd, unequal, and unjust results.

ID.—NUMBERING OF SECTIONS NOT CONTROLLING.—The numbering of the sections in statutes is a purely artificial and unessential arrangement resorted to for the purpose of convenience only, and can never be allowed to hinder a correct construction of the entire act.

APPEAL from an order of the Superior Court of the City and County of San Francisco fixing the amount of an inheritance tax. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

Platt & Bayne, for Appellant.

Hartley F. Peart, for Respondent.

BEATTY, C. J.—This is an appeal by the widow and sole legatee from an order or decree of the superior court requiring her to pay an inheritance tax of $2,062.07 on the net value of her deceased husband's estate, amounting to $121,483.05. The following table shows how the probate judge computed the amount of the tax:—

| | Exemption. | Taxable Inheritance. | Rate. | Tax. |
|---|---|---|---|---|
| 1st $25,000 | $10,000 | $15,000.00 | 1 % | $150.00 |
| $25,000 to $50,000... | | 25,000.00 | 1½% | 375.00 |
| $50,000 to $100,000.. | | 50,000.00 | 2 % | 1000.00 |
| Excess over $100,000. | | 21,483.05 | 2½% | 537.07 |

$2062.07

The only item in this estimate excepted to is the first: one per cent of the fifteen thousand dollars remaining after deducting from the first twenty-five thousand dollars the widow's exemption of ten thousand dollars. The objection to this item,

amounting to one hundred and fifty dollars, is based upon appellant's construction of sections 2 and 3 of the act of March 20, 1905 (Stats. 1905, pp. 342, 343), by which the inheritance tax was imposed. It is contended that section 2 relates exclusively to estates not exceeding twenty-five thousand dollars in value and makes a wholly independent provision for estimating the amount of the tax on such estates, while section 3 deals exclusively with estates exceeding twenty-five thousand dollars in value (the case here), and by its terms imposes a tax only upon the excess over that sum. It is true that by section 3, read by itself and very literally, no tax is imposed except upon the excess over twenty-five thousand dollars of estates having a value exceeding that sum, but that section is not to be read by itself. The numbering of sections in statutes is a purely artificial and unessential arrangement resorted to for purposes of convenience only, and can never be allowed to hinder a correct construction of the entire act. Section 2 of this act does in terms and in fact relate exclusively to estates not exceeding twenty-five thousand dollars in value. It imposes a tax upon the unexempt portion of that sum, of from one to five per cent, according to the degree of relationship of the heir or devisee or legatee to the decedent. Section 3 imposes a tax according to a sliding scale on the excess over twenty-five thousand dollars in the case of all estates exceeding that valuation, but it does not, as counsel contend, omit or exempt the first twenty-five thousand dollars, for by its first clause it imports the provisions of section 2. It reads: "Sec. 3. *The foregoing rates in section two are for convenience termed the primary rates.* When the market value of such property or interest exceeds twenty-five thousand dollars, the rates of tax upon such excess shall be as follows:        '

"(1.) Upon all in excess of $25,000 and up to $50,000, one and one-half times the primary rates.

"(2.) Upon all in excess of $50,000 and up to $100,000, two times the primary rates.

"(3.) Upon all in excess of $100,000 and up to $500,000, two and one-half times the primary rates.

"(4.) Upon all in excess of $500,000 three times the primary rates."

The clause in italics connects the two sections and gives to section 3 its proper construction. It shows that the intention

of the legislature was that the "primary rates" were to be computed in all cases.

The rule of strict construction is invoked by appellant— the rule, that is to say, that a statute will not be held to have imposed a tax unless it is clear and explicit. It is no doubt. true that a taxing law is to be construed strictly, but the rule extends to exemptions as well as impositions, and the construction contended for by appellant would yield this absurd result: A widow succeeding to an estate of twenty-five thousand dollars would pay a tax of one hundred and fifty dollars; a widow succeeding to an estate of twenty-five thousand and one dollars would pay a tax of one cent and a half. A stranger in. blood to the decedent taking by devise or bequest an estate of twenty-five thousand dollars would pay a tax of twelve hundred and twenty-five dollars, but if the estate was worth a dollar over twenty-five thousand dollars he would pay only seven and a half cents. We think a strict construction should be indulged against a rule of exemption so unequal and unjust as this would be.

The order and decree of the superior court is affirmed.

Henshaw, J., Shaw, J., Angellotti, J., Sloss, J., and Lorigan, J., concurred.