[L. A. No. 2564.  Department One.—June 17, 1910.]

In the Matter of the Estate of HENRY TIMKEN, Deceased.

ESTATES OF DECEASED PERSONS—COMPUTATION OF INHERITANCE TAX—
DEDUCTIONS OF EXEMPTIONS.—In computing the amount of an in-
heritance tax imposed by the act of 1905, (Stats. 1905, p. 341), the
amount of the exemption allowed to various classes of persons by
section 4 thereof should not be deducted from the value of the dis-
tributive share as a whole, but should be deducted from the first
twenty-five thousand dollars of value thereof to which the primary
rates fixed by section 2 thereof are applied. Thus, where the value
of the distributive share passing to a child is sixty-three thousand
dollars, the exemption of four thousand dollars should be deducted
from the first twenty-five thousand dollars thereof, and a tax im-
posed on the balance of twenty-one thousand dollars, at the primary
rate of one per cent, on the next twenty-five thousand dollars at the
rate of one and one half per cent, and on the balance of the dis-
tributive share at the rate of two per cent.

APPEAL from an order of the Superior Court of San Diego
County fixing the amount of an inheritance tax.  W. R. Guy,
Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and H. S. Utley, District
Attorney, for Appellant.

Haines & Haines, for Respondents.

SLOSS, J.—Appeal by the state from an order fixing the
amount of inheritance tax payable on certain legacies and
devises.

By the will of Henry Timken, five thousand dollars was
given to Cord Ringen, a nephew of the decedent, and the
residue of the estate to the testator's five children in equal
shares.

After determining that the net value of the interest passing
to each child was $63,736.40, the court deducted from such

amount the exemption of four thousand dollars, and computed
the tax on the balance of $59,736.40 as follows:

| | | |
|---|---|---|
| Tax on $25,000.00 at 1 % | ............... | $250.00 |
| Tax on $25,000.00 at 1½% | ............... | 375.00 |
| Tax on $ 9,736.40 at 2 % | ............... | 194.72 |

Tax on $59,736.40 share of each child......$819.72

The contention of the appellant is that the exemption of
four thousand dollars should have been deducted from the first
twenty-five thousand dollars, instead of from the distributive
share as a whole. The result of this would have been to tax
twenty-one thousand dollars at the rate of one per cent,
twenty-five thousand dollars at the rate of one and one-half
per cent, and $13,736.40 at the rate of two per cent, thereby
adding forty dollars to the tax upon the share of each child,
or two hundred dollars in all. Such was the method of com-
putation employed in *Estate of Bull*, 153 Cal. 715, [96 Pac.
366]. The precise point here involved was not, however, raised
in that case. While the decision cannot, therefore, be regarded
as authoritative for the present purpose, we are satisfied that
it illustrates the proper interpretation of the statute.

Section 1 of the act imposing the tax (Stats. 1905, p. 341),
after declaring that all property passing by will, etc., shall
be subject to a tax, provides that "the tax so imposed shall be
upon the market value of such property at the rates herein-
after prescribed and only upon the excess over the exemptions
hereinafter granted." Section 2 fixes certain rates, varying
according to the degree of kinship between the decedent and
the successor, "when the property . . . exceeds in value the
exemption hereinafter specified and shall not exceed in value
twenty-five thousand dollars." Section 3 declares that the
"rates in section 2 are for convenience termed the primary
rates," and fixes an increasing scale of rates, consisting of mul-
tiples of the primary rates, for property in excess of twenty-
five thousand dollars. Section 4 allows exemptions of differ-
ent amounts to various classes of persons and corporations.

The position of the appellant that the exemption should be
deducted from the amount to which the primary rates are
applied is based upon the language of section 2. Under that
section those rates are to be effective when the property
exceeds in value the exemption but does not exceed twenty-

five thousand dollars. It is clear that, for the purpose of determining whether the property is within this class, the entire value, including the exemption, is to be considered. If, for example, the gift be to a widow, whose exemption is ten thousand dollars, a gift of thirty-five thousand dollars could not be treated as subject to the primary rate, on the theory that ten thousand dollars thereof was exempt, and but twenty-five thousand dollars remained subject to taxation. The language of the section excludes such idea. The primary rate is made to apply where the gift exceeds the exemption but does not exceed twenty-five thousand dollars. The entire amount, whether exempt or not, is considered for the purpose of fixing the rate of taxation. It follows necessarily that where the property, including the exemption, exceeds twenty-five thousand dollars, the excess is taxable at the increased rates declared by section 3. Sections 2, 3, and 4 are to be read together, and where the gift exceeds twenty-five thousand dollars, the amount thereof which comes within the limits of section 2 is to be taxed at the primary rate. (*Estate of Bull,* 153 Cal. 715, [96 Pac. 366].) The only way in which this can be accomplished is by deducting the exemption from the first twenty-five thousand dollars, rather than from the entire gift. The latter method, which is the one followed by the trial court, results in applying the primary rate to so much of the gift as equals twenty-five thousand dollars, over and above the amount of the exemption. But, as we have seen, such rate is to be applied only to the first twenty-five thousand dollars, inclusive of exemptions.

The computation of the tax payable by the several children should, accordingly, have been fixed as follows:—

Tax on first $25,000.00 (less exemption) 1%.....$210.00
"    "    $25,000.00 to $50,000.00      1½%... 375.00
"    "    $50,000.00 to $63,736.40      2%..... 274.73

$859.73

It is urged by the respondents that this construction is inconsistent with the provision of section 1 that the tax is imposed only upon the excess over the exemptions. There is no such inconsistency. The exemptions are allowed under either method of figuring. The only difference is that, under the one, the exemption is allowed on that part of the prop-

erty which pays the lowest (primary) rate, while, under the other, it is deducted from the part paying the highest rate. In any view, the exemption is a matter of grace on the part of the legislature, and cannot be claimed beyond the extent to which the law-making body has seen fit to allow it.

It will be observed, further, that the rule herein declared has the advantage of making the exemption uniform in amount, regardless of the extent of the property passing. If there were no exemption at all, the additional tax payable by the beneficiary would, in every case, be measured by the primary rate on the sum which is, under the act as it now reads, declared exempt. The person receiving the property is relieved of the payment of taxes to this amount. Under the method contended for by the respondents, the recipient of an amount exceeding twenty-five thousand dollars would obtain a deduction equivalent to a tax at a higher rate upon the amount exempt. There is, therefore, no foundation for the contention that the interpretation contended for by the appellant works any improper discrimination against persons succeeding to larger amounts.

The order is reversed with directions to the trial court to enter an order in conformity with the views herein expressed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.