### In re SCHWARZ'S ESTATE.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

Appeal from Surrogate's Court, New York County.

Proceedings for the appraisal of the estate of Herman Schwarz, deceased, under the transfer tax law. From an order of the surrogate, fixing and determining the transfer tax, the State Comptroller appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Elwood M. Rabenold, of New York City, for appellant.
Henry F. Miller, of New York City, for respondent.

PER CURIAM. Order affirmed, with costs, on the dissenting opinion of Jenks, P. J., in Matter of Jourdan, 151 App. Div. 8, 135 N. Y. Supp. 172, adopted by the Court of Appeals 206 N. Y. 653, 99 N. E. 1109.

LAUGHLIN, J. (dissenting). The question presented on this appeal, is whether the amendment to the Tax Law (Consol. Laws, 1909, c. 60) made by chapter 732 of the Laws of 1911, which amended section 221 and added section 221a, effected a change in the law with respect to taxation of taxable transfers of property. The statute, as it existed prior to said amendment, was authoritatively construed in Matter of Jourdan, 206 N. Y. 653, 99 N. E. 1109, reversing, on the dissenting opinion of Jenks, P. J., at the Appellate Division, 151 App. Div. 8, 135 N. Y. Supp. 172. Section 221 of the Tax Law, as then presented for construction, provided that taxable transfers of property, to a parent or to certain other relatives by blood or marriage of

the person by whom the transfer was made, of the *"value"* of not more than $500 should be exempt, but if of a greater value should be taxable at the rate of 1 per centum upon its clear market value, except as therein otherwise provided, and then further provided that such taxable transfers, if to a parent or to certain of the other relatives first enumerated, if of the "amount" of $5,000 or less, should not be taxable, but, if of a greater "amount," should be taxable at the rate thereinbefore prescribed, and these rates were defined as "primary rates." In the next sentence it was provided that, if a taxable transfer—

"to or for the use of any person or corporation shall exceed the amount of twenty-five thousand dollars over and above the exemptions hereinbefore provided the rate of taxation shall be as follows:

"Upon all amounts in excess of the said twenty-five thousand dollars and up to and including the sum of one hundred thousand dollars, twice the primary rates;

"Upon all amounts in excess of the said one hundred thousand dollars and up to and including the sum of five hundred thousand dollars, three times the primary rates;

"Upon all amounts in excess of the said five hundred thousand dollars and up to and including the sum of one million dollars, four times the primary rates;

"Upon all amounts in excess of the said one million dollars, five times the primary rates."

The questions presented for decision in the Jourdan Case hinged on whether in these paragraphs of the statute, imposing twice and three times the primary rates, the Legislature intended that such rates should be computed on the larger amounts specified therein as the *maximum* amounts on which the tax at the higher rates was to be computed, or whether such amounts were intended to include exemptions and to indicate, not the *amount* on which the particular rate was to be computed, but the stopping point in the *valuation* of the taxable transfer at which that rate ended and another rate commenced. The statute was deemed to be somewhat ambiguous. The majority of the Appellate Division were of opinion that the increased rates were not to be computed on said amounts as the maximum, but only on such maximums less the amount excepted in the particular paragraph imposing the increased rate. The majority of the Appellate Division and the Court of Appeals, applying the rule of construction most favorable to those taxed, held, in effect, that the exemptions were first to be deducted from the value of the taxable transfer, and that 1 per cent. was to be computed on the remainder of the value to the extent of $25,000, and that, after deducting the exemptions and the $25,000 from the value of the taxable transfer, 2 per cent. was to be computed upon the remainder to the extent of $100,000, and 3 per cent. on the further remaining value to the extent of $500,000, and 4 per cent. on the then further remaining value to the extent of $1,000,000, and 5 per cent. on the remainder after deducting the exemptions and the $1,625,000 upon which computation at other rates would then have been made.

In giving the statute that construction, the court appears to have placed considerable emphasis upon the use of the word "said" in the

four paragraphs prescribing increased rates over the primary rates, and it seems quite clear that, by giving due importance to the use of that word, the statute was readily susceptible of the construction that from the value of the taxable transfer the exemptions were first to be deducted, and then 1 per cent. computed on $25,000 of the remaining value, and the next increase in the tax rate was to be computed commencing with the value of the taxable transfer remaining after deducting the exemptions and the $25,000, and with this starting point the phraseology of the statute clearly pointed to the stopping point by the use of the words "up to and including," upon which likewise considerable stress was laid in construing the statute. By the amendment of 1911 those quoted words were omitted.

It had been strenuously contended, in behalf of the State Comptroller in that case, that the sum specified in the statute following the words "up to and including" referred to the total value of the taxable transfer without any deductions, and that construction would have been more favorable to the state, for the reason that deductions from the value of the taxable transfer before the higher rates of taxation attached would have been less. But, as has been seen, this contention was not sustained. The Jourdan Case was decided by the Court of Appeals on the 21st day of June, 1912. The Legislature was then in session, and precisely one month later it enacted chapter 732, amending the Tax Law, re-enacting in substance, in section 221, the provisions of that section as it formerly existed, following the quotation herein made therefrom, but omitting entirely from that section the provisions prescribing the basis for determining the amounts of taxes on transfers, and adding section 221a as a new section with respect to the rates of taxes on such transfers. The new section by the first paragraph, prescribed the tax rate upon a taxable transfer to a parent or to certain other relatives by blood or marriage, where the transfer was "of an amount in excess of the value of five thousand dollars" as follows:

"One per centum on any amount in excess of five thousand dollars up to the sum of fifty thousand dollars.

"Two per centum on any amount in excess of fifty thousand dollars up to the sum of two hundred and fifty thousand dollars.

"Three per centum on any amount in excess of two hundred and fifty thousand dollars up to the sum of one million dollars.

"Four per centum on any amount in excess of one million dollars."

It further provided that a taxable transfer "of an amount in excess of the value of one thousand dollars to any person or corporation other than those" enumerated in the first paragraph of that section shall be taxed at the following rates:

"Five per centum on any amount in excess of one thousand dollars up to the sum of fifty thousand dollars.

"Six per centum on any amount in excess of fifty thousand dollars up to the sum of two hundred and fifty thousand dollars.

"Seven per centum on any amount in excess of two hundred and fifty thousand dollars up to the sum of one million dollars.

"Eight per centum on any amount in excess of one million dollars."

It is to be presumed that, in thus amending the statute and changing the phraseology of the provisions with respect to computing the taxes on taxable transfers, the Legislature had in mind the decision in the Jourdan Case, and the ground upon which it was based; but other sections and provisions relating to taxable transfers of property were amended by the same act, and that detracts, to an extent, from the significance which would attach to the amendment if these were the only changes made in the law. I am of opinion, however, that there is a material change in the phraseology of the statute, which indicates an intention on the part of the Legislature to change the law with respect to the taxation of taxable transfers. I am of opinion that the plain construction of the statute in its amended or new form is that the provisions with respect to the different rates of taxation relate to the *total value* of the taxable transfer. It seems to me to be quite clear that the word "amount" in the four paragraphs relating to rates higher than the primary rate, and the *amounts* specified following the words "up to" in the first three of these paragraphs and "in excess of" in the fourth refer to the value of the taxable transfer. This is what would naturally be expected when it is borne in mind that the tax is not on the *property* transferred—if it were, the law would be unconstitutional—but is upon the *transfer* of the property. The Legislature, however, has prescribed that the *amount* of the tax to be paid on the transfer shall be determined by the value of the property, or property interest, transferred. It has made certain exemptions with respect to part of such value, and has prescribed different rates of taxation for the excess in value over the amount exempted. By the first part of the new section, the Legislature has prescribed, by plain and unambiguous language, that the tax on taxable transfers therein specified shall be at the rate of 1 per centum on the value of the property transferred in excess of $5,000 "up to the sum of fifty thousand dollars." The $50,000 relates, I think, not to the excess in value of the taxable transfer after the deduction, but to the total value of the taxable transfer; and this is made plain by the subsequent paragraphs, which afford no basis for excluding the $5,000. The construction about to be adopted by this court gives effect to the paragraph relating to the 2 per cent. rate as if it were therein expressly provided, not as it now reads, "on any amount in excess of fifty thousand dollars," but "on any amount in excess of $55,000," or "on any amount in excess of $50,000, after deducting $5,000," and to the paragraph relating to the 3 per cent. rate as if its phraseology were "on any amount in excess of $305,000," or "on any amount in excess of $250,000, after deducting the amounts specified in the preceding paragraphs," and to the paragraph relating to the 4 per cent. rate as if its phraseology were "on any amount in excess of $1,305,000," or "on any amount in excess of $1,000,000, after deducting the amounts specified in the preceding paragraphs."

I therefore vote to modify the order by increasing the tax by $50, which will make it the proper amount according to my construction of the statute.