## In re HONE'S ESTATE

No. 3058.   Decided July 26, 1917.   (166 Pac. 990.)

TAXATION—INHERITANCE   TAXES—COMPUTATION—STATUTES—CON-
STRUCTION.   Under Comp. Laws 1907, section 1220x, as amended by
Laws 1915, c. 98, as to the assessment of inheritance taxes, an estate
worth in excess of $25,000 must be assessed 3 per cent. upon the
difference between $10,000 and $25,000 or $15,000, and 5 per cent.
upon the balance, and not 3 per cent. in gross upon the entire estate,
though after the deduction of the $10,000 exemption, the balance of
the estate is not worth in excess of $25,000.

Appeal from District Court, Fourth District; *Hon. A. B.
Morgan,* Judge.

Proceedings for assessment of inheritance tax upon the
Estate of Joshua Hone, Deceased.

From decree rendered, the State appeals.

REVERSED and REMANDED, with directions.

*Dan B. Shields,* Attorney General, and *O. C. Dalby* and
*James H. Wolfe,* Asst. Attys. Gen. for the State.

*Harvey Cluff* for respondent.

FRICK, C. J.

One Joshua Hone, a resident of Provo, Utah county, this
state, died on the 5th day of October, 1915.   It is agreed
that said Hone died possessed of an estate of the gross value
of $31,264.15; that the debts, taxes, funeral and other ex-
penses to be deducted from the gross value of the estate
amounted to the sum of $2,309.97, and that the net value of
the estate amounted to $28,954.18.   The only question involved
on this appeal is the amount of inheritance tax that may
legally be assessed against said estate under Comp. Laws 1907,
section 1220x, as amended by Laws Utah 1915, p. 153.   That
section reads as follows:

"All property within the jurisdiction of this state, and any
interest therein, whether belonging to the inhabitants of this
state or not, and whether tangible or intangible, which shall

pass by will or by the statutes of inheritance of this or any other state, or by deed, grant, bargain, sale, or gift, made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after the death of the grantor, vendor, or donor, to any person in trust or otherwise, shall be subject to the following tax, after the payment of all debts, for the use of the state: Three per cent. of its market value in excess of $10,000.00 and not exceeding $25,000.00, and five per cent. of its market value in excess of $25,000.00; and all administrators, executors, and trustees, and any such grantee under conveyance, and such donee under a gift made during the grantor's or donor's life, shall be respectively liable for all such taxes to be paid by them respectively, except as herein otherwise provided, with lawful interest as hereinafter set forth, until the same shall have been paid. The tax aforesaid shall be and remain a lien on such estate from the death of the decedent until paid. In determining the amount of tax to be paid under the provisions of this section, after the payment of all debts, the sum of $10,000.00 shall be deducted from the entire estate and the tax shall be computed and paid on the entire remainder; and the court shall determine the amount of tax to be paid by the several devisees, legatees, grantees, or donees of the decedent.''

The district court construed and applied the provisions of that section as follows: First, it deducted from the gross value of the estate, amounting to $31,264.15, the debts, taxes, funeral and other expenses as aforesaid, leaving a net value of $28,954.18. The court then deducted the $10,000.00 exemption provided by the statute which left an amount taxable under the statute of $18,954.18. That amount being less than $25,000.00, the court taxed the whole thereof at the rate of three per cent., which amounted to an inheritance tax of the sum of $568.62 against said estate. The district court, therefore, ordered that amount to be paid to the estate as an inheritance tax before making distribution thereof. The Attorney General, who appears for the state on this appeal, insists that the district court erred in its construction of the statute and in computing the inheritance tax due to the state from said estate, and that under the provisions of the statute the state

is entitled to a larger amount of taxes from said estate.  The Attorney General contends that under the provisions of the statute the inheritance tax due to the state from said estate should be computed as follows:  First deduct from the gross value of the estate the amount of the debts, taxes, funeral and other expenses, as was done, which gives a net value of $28,954.18, from which then deduct the $10,000 exemption which fixes the taxable value of the estate at the sum of $18,954.18.   It is contended that that sum should be taxed, and that $15,000 thereof should be taxed at the rate of three per cent. and the remaining $3,954.18 should be taxed at the rate of five per cent.   That would impose a tax of three per cent. on $15,000, which would amount to $450, and would impose an additional tax of five per cent. on the remaining $3,954.18, which would amount to the sum of $197.70, or a total tax of $647.70, or $79.08 in excess of what the court allowed the state as an inheritance tax.

While the amount involved in this case is not large, yet it will readily be seen that if the construction the court placed on the statute shall prevail, then, in the long run, the rights of the state may be affected to a considerable extent.   The question, therefore, recurs, What, under the statute, is the correct amount upon which the three per cent. tax shall be assessed in the event the estate exceeds the $10,000 exempted by the statute?   If that amount be once ascertained, there can be no escape from what follows.   As the writer views the statute, that amount is so clearly fixed by it that no construction is either necessary or permissible.   The controlling part of the statute provides that all estates—

"shall be subject to the following tax, after the payment of all debts, for the use of the state: Three per cent. of its [the estate's] market value *in excess of $10,000 and not exceeding $25,000.00,* and five per cent. of its market value in excess of $25,000.00."   (Italics ours.)

Now, according to all known systems of notation, there is, there can be, but one possible number between the extremes named in the statute, namely, 10,000 and 25,000, and that number is 15,000.   Therefore, if an estate exceeds the net value of $10,000, and reaches the precise amount or net value

of $25,000, the amount that is assessable under the statute is precisely $15,000, no more, no less. At what rate or per cent. is the $15,000 assessable? Clearly and manifestly at the rate of three per cent., since there can be no other rate under the statute. In case, however, the estate exceeds a net value of $25,000, then at what rate or per cent. is the excess over $15,000 assessable? Again there can be but one correct answer, which is, the rate of five per cent. To my mind, therefore, it is palpably clear that the only sum that is taxable at the rate of three per cent. under the statute is that sum which remains after deducting $10,000 from $25,000, which is $15,000. The statute, in explicit terms, fixes the sum that is taxable at the rate of three per cent. as the sum which is obtained from any sum which is "in excess of $10,000.00 and not exceeding $25,000.00." As before stated, there is but one possible sum between those two extremes, and that is the sum of $15,000. As $10,000 is the limit of exemption, so $15,000 is the limit upon which the three per cent. tax may be levied. Any estate, therefore, the net value of which does not exceed $10,000, is entirely exempt. Every estate which has a net valuation of more than $10,000, and not exceeding $25,000, is taxable at the rate of three per cent. on the difference between $10,000 and $25,000, which is $15,000, and every estate, the net value of which exceeds $25,000 is taxable at the rate of five per cent. for every dollar in excess of $25,000.

It is contended, however, on the part of the estate that what follows later in the statute must also be considered in connection with what I have specially quoted, and that what follows determines the amount of the tax. The provision just alluded to reads as follows:

"In determining the amount of the tax to be paid under the provisions of this section, after the payment of all debts, the sum of $10,000.00 shall be deducted from the entire estate and the tax shall be computed and paid on the entire remainder; and the court shall determine the amount of tax to be paid by the several devisees, legatees, grantees, or donees of the decedent."

The most elementary and the most important rule of construction is that in case construction becomes necessary, then every word and every clause in a statute which is not manifestly surplusage must be given its ordinary and usual meaning and effect. If, therefore, we apply that rule in this case, what follows? There is but one clause in the statute which classifies the estates and fixes the rate of taxation to be computed upon the values thereof. That clause is the one first above quoted. In the last clause quoted there is absolutely nothing which either classifies or fixes the rate of taxation. All that is there said is that the $10,000 shall be first deducted from the whole estate "and the tax shall be computed and paid on the entire remainder." What tax? Clearly, the tax specified in that part of the section which fixes the rate that shall be imposed. What is that rate? As I have shown, it is three per cent. upon any estate having a net value in excess of $10,000, and not exceeding $25,000, which sum is, necessarily, $15,000, and upon all the remainder of the estate the rate is to be five per cent. Now what is said in the clause last quoted is that the entire estate in excess of $10,000 shall be taxed, but it leaves the classification and the rate of taxation precisely as it is originally fixed in the statute in that part which I have first quoted in this opinion.

There is therefore no escape from the conclusion that the district court erred in taxing the entire value of the estate in question which is in excess of $10,000 at the rate of three per cent. The court should have assessed the value in excess of $10,000 and not exceeding $25,000, which is the sum of $15,000, at the rate of 3 per cent. and the remainder of the estate at the rate of five per cent. The judgment is therefore reversed, and the cause is remanded to the district court of Utah county, with directions to set aside its conclusions of law and order requiring the estate to pay to the state a tax of $568.62, and in lieu thereof to enter an order or judgment requiring the estate to pay to the state a tax of $647.70. The costs of this appeal to be paid out of the funds of the estate.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.