IN THE MATTER OF THE ESTATE OF THOMAS BOUTIN, DECEASED.[1]

May 20, 1921.

No. 22,329.

**Inheritance tax — practical construction of officials.**

The practical interpretation, given the inheritance tax law by the state officials concerned in its enforcement during a long period of time, should be given weight by this court when the question of the proper construction of such law is presented. In view of the rule stated, it is *held* that upon all property, passing to the heir or legatee, in excess of the clear value of $15,000, the secondary rate applies, the primary rate applying only to what remains of the first $15,000 after deducting the exemption.

Upon the relation of Clifford L. Hilton, Attorney General, the supreme court granted its writ of certiorari directed to the probate court of Swift county, Edwards, J., to review the action of that court in the matter of inheritance taxes due the state from the estate of Thomas Boutin, deceased. Reversed and remanded.

*Clifford L. Hilton*, Attorney General, and *Egbert S. Oakley*, Assistant Attorney General, for relator.

*Charles L. Kane*, for respondent.

HOLT, J.

Certiorari to review the action of the probate court fixing the transfer

[1]Reported in 182 N. W. 990.

tax to be paid by a widow, who under her husband's will took his entire estate, amounting to $20,566.88 after deducting all claims, allowances, and expenses of administration. The court determined that since the clear value of the widow's interest, after deducting her exemption of $10,000, did not exceed $15,000, no other rate than the primary rate of one per cent was payable upon any part of her distributive share. The state contends that, for the purpose of fixing the rate, the exemption is not to be considered. Hence when the clear value of the estate to be distributed to the widow is $15,000, or more, no other sum than $5,000 may take the primary rate, and, upon whatever amount in excess of $15,000 the widow receives, the secondary or two per cent rate must be paid. In this case it would be one per cent on $5,000, and two per cent on $5,566.88.

State v. Probate Court of Hennepin County, 111 Minn. 297, 126 N. W. 1070, is said to sustain the court below. But significant changes in the law went into effect after that decision was rendered. Then chapter 288, p. 427, Laws 1905, was in force, and it clearly indicated that only that part of an inheritance or legacy which was in excess of $10,000 could be considered in computing the tax or fixing the rate. In the subsequent enactment, chapter 372, p. 516, Laws 1911 (G. S. 1913, § 2272), the whole inheritance or legacy is subject to a transfer tax, but a certain amount thereof is exempt to the heir or legatee according to the relationship he or she sustained to the decedent.

Section 2 provides: "The tax so imposed shall be computed upon the true and full value in money of such property at the rates hereinafter prescribed and only upon the excess of the exemptions hereinafter granted.  *  *.  *

Section 2a. When the property or any beneficial interest therein passes by any such transfer where the amount of the property shall exceed in value the exemption hereinafter specified and shall not exceed in value fifteen thousand dollars the tax hereby imposed shall be: (1) Where the person entitled to any beneficial interest  *  *  * shall be the wife, or lineal issue, at the rate of one per centum of the clear value of such interest in such property.  *  *  *

Section 2b. The foregoing rates in section 2a are for convenience termed the primary rates. When the amount of the clear value of such

property or interest exceed fifteen thousand dollars, the rates of tax upon such excess shall be as follows: (1) Upon all in excess of fifteen thousand and up to thirty thousand dollars one and one-half times the primary rates  *  *  *

Section 2c. The following exemptions from the tax are hereby allowed: (2) Property of the clear value of ten thousand dollars transferred to the widow of the decedent.  *  *  * "

The court below found "that at all times since April 20, 1911, the judges of the Minnesota Probate Courts and the Assistant Attorneys General in charge of Inheritance Tax Matters in Minnesota have by a well established practice universally and in more than ten thousand cases construed chapter 372 of the Laws of 1911 in the manner contended for by the petitioner" (the state) herein.

This practical construction, adopted by the officers whose duty it is to administer the law for such a long period, moves the members of the court, who would otherwise be inclined to follow the decisions of Illinois and New York (In re Ullmann Estate, 263 Ill. 528, 105 N. E. 292, 51 L.R.A.(N.S.) 1075, Ann. Cas. 1915C, 321; Matter of Schwarz' Estate, 156 App. Div. 931, 141 N. Y. Supp. 349, affirming upon dissenting opinion of Jenks, P. J. in Matter of Jourdan, 151 App. Div. 8, 135 N. Y. Supp. 172, sustained in 209 N. Y. 537, 102 N. E. 1113), to apply the interpretation given very similar statutes in Estate of Timken, 158 Cal. 51, 109 Pac. 608; Torrance v. Edwards, 89 N. J. Law, 507, 99 Atl. 136; and In re Hone's Estate, 50 Utah, 92, 166 Pac. 990. According to the last mentioned cases only the unexempt part of the first $15,000 worth of clear property which passes to the heir or legatee from the decedent takes the primary rate, and all the property in excess of $15,000 in value, without regard to any exemption whatever, must pay the secondary rate. The words "clear property" plainly cannot refer to the property left after the exemption is deducted, for, in designating the exemption itself, the same words are used. The meaning sought to be conveyed by the words referred to undoubtedly is that, in determining the rate as well as the exemption, all debts and expenses payable in the course of administration and all existing liens, such as mortgages and Federal taxes, against the property must be deducted. In reaching this conclusion we are not unmindful of the rule that am-

biguities in an act of special taxation are to be construed in favor of the taxpayer. But in view of the fact that radical changes were made in the law as soon as the legislature met after the Holdridge decision was rendered, and the practical construction given the law, since amended, by the attorney general's office and the different probate courts for such a long period, we think, the interpretation now contended for by the state should be adopted.

The order of the probate court is reversed and the matter remanded with direction to compute the tax in harmony herewith. No statutory cost is allowed.

DIBELL, J. (concurring).

I concur in the result reached, but see no need of resting it upon practical construction.