[1] Reported in 107 P.2d 562.
This is an appeal by the executor of an estate from a judgment entered by the superior court determining the amount of inheritance tax payable to the state of Washington.
The sole question involved is whether, in computing the inheritance tax, the total net amount of the estate passing to beneficiaries under a will shall first be divided into the statutory blocks, or brackets, and the ten thousand dollars exemption (or the prorated part thereof) allowable to persons included within a designated class of beneficiaries be then deducted from the first block of twenty-five thousand dollars passing to members of that class; or whether, inversely, such exemption shall first be deducted from the net amount of the estate, and the residue of the estate then be divided into the statutory blocks.
The trial court, confirming the findings of the supervisor of the inheritance tax and escheat division, computed the tax on the basis of the first of the two suggested methods.
Bertha E. Lindholm, a resident of Spokane, Washington, died testate on May 25, 1938. Her estate consisted entirely of community property, all but a very small part of which was situated in this state. The testatrix bequeathed the entire estate to her husband. The net value of the estate for inheritance tax purposes, that is, after all allowable deductions had been made, was $116,411.50. *Page 368 
Although the testatrix died prior to the enactment of the 1939 inheritance tax act (Laws of 1939, chapter 202, p. 692, Rem. Rev. Stat. (Sup.), § 11202 [P.C. § 7029n-31]), it is conceded by appellant that the estate is subject to that act by virtue of § 13 thereof, p. 712 (Rem. Rev. Stat. (Sup.), § 11211e-1), which provides that the act shall apply to all inheritance tax cases pending at the time of its effective date.
Due to the fact that part of decedent's estate is situated outside of this state, it is also conceded by appellant that, by virtue of the Laws of 1935, chapter 180, p. 777, § 107(m), Rem. Rev. Stat. (Sup.), § 11202-1 (m) [P.C. § 7029n-83], the estate is entitled to only a partial exemption, amounting in this case to $9,865.
The trial court held that the inheritance tax payable herein was to be determined according to the following schedule:

Net value of the estate $116,411.50
 Tax calculation:
 First, $ 9,865.00 (Prorated portion of the usual Exempt
 $10,000 exemption)
 Next, $15,135.00 (Balance of first $25,000
 block) at 1%, $ 151.35
 Next, $25,000.00 (Second block) at 2%, 500.00
 Next, $50,000.00 (Third block) at 4%, 2,000.00
 Next, $16,411.50 (Fourth block) at 7%, 1,148.81
 _________
Net value of the estate $116,411.50
 TOTAL TAX $3,800.16

The executor, on the other hand, contends that the tax should be computed according to the following schedule:
Net value of the estate $116,411.50
 Exemption (prorated portion of the usual
 $10,000 exemption) 9,865.00
 ___________
Net Amount Taxable $106,546.50
 Tax calculation:
 First, $ 25,000.00 (first block) at 1%, $ 250.00
 Next, $ 25,000.00 (second block) at 2%, 500.00
 Next, $ 50,000.00 (third block) at 4%, 2,000.00
 Next, $ 6,546.50 (fourth block) at 7%, 458.26
 ___________ _________
Net Amount Taxable, $106,546.50
 TOTAL TAX $3,208.26
 *Page 369 
The difference in the total amounts of the tax payable, under the two methods of computation, is $591.90. It will be observed that this difference comes about from the variation in the amounts taxable at one percent, and from the resulting variation in the amounts taxable at seven per cent.
We are here primarily concerned with the 1939 inheritance tax statute (Laws of 1939, chapter 202, p. 692, § 1, Rem. Rev. Stat. (Sup.), § 11202), which, so far as it is material here, reads as follows:
"An inheritance tax shall be imposed on all estates subject to this act and other inheritance tax acts of the State of Washington, at the following rates:
"Class A. Any devise, bequest, legacy, gift or beneficial interest to any property or income therefrom which shall pass to any grandfather, grandmother, father, mother, husband, wife, child or step-child, adopted child, or lineal descendant of the deceased is hereby denominated as class A. On any amount passingto class A up to and including $25,000, 1%; on any amount in excess of $25,000 up to and including $50,000, 2%; on any amount in excess of $50,000 up to and including $100,000, 4%; on any amount in excess of $100,000 up to and including $200,000, 7%; on any amount in excess of $200,000 up to and including $500,000, 9%; on any amount in excess of $500,000, 10%; Provided, Thatexcept as otherwise provided by statute there shall be exempt$10,000 of any amount passing to class A, which exemption shall include all allowances in lieu of homestead and all family allowances in excess of $1,000 as allowed by section 104, chapter 180, Laws of 1935; . . ." (Italics ours.)
As has already been indicated, the problem before us is whether the one per cent tax rate is to be applied to the sum of $15,135 (which is the excess of the amount of the first block of twenty-five thousand dollars over the amount of the allowable exemption, $9,865), the result of which method of computation will be to increase, by $9,865.00, the amount in the *Page 370 
fourth block, taxable at seven per cent; or whether, on the other hand, the one per cent rate is to be applied to the entire amount of twenty-five thousand dollars designated as the first block, thus decreasing, by $9,865.00, the amount in the fourth block, taxable at seven per cent.
Since the solution of the problem here involved depends upon the construction to be given to the italicized portions of the foregoing section of the 1939 act, it will be well to consider briefly certain provisions of prior inheritance tax laws.
The original inheritance tax law of this state was enacted in 1901 (Laws of 1901, chapter 55, p. 67). Section 2 of that act, p. 68, provided:
"The inheritance tax shall be and is to be levied on all estates subject to the operation of this act on all sums abovethe first $10,000.00, where the same shall pass to or for the use of the father, mother, husband, wife, lineal descendant, adopted child, or the lineal descendant of an adopted child, one (1) per centum. . . ." (Italics ours.)
That section, in so far as it is above set forth, was reenacted, verbatim, by the 1907 and 1911 amendments to the act (Laws of 1907, chapter 217, p. 500, § 2, and Laws of 1911, chapter 19, p. 60, § 1). It will be observed that the provision just quoted from the 1901 act does not use the word "exempt"; that, according to the terms of that act, the first ten thousand dollars passing to the persons therein mentioned was not taxable; and that all sums above that amount, where the property passed to such persons, were taxable at a uniform rate of one per cent.
In 1917, there was enacted in this state the first graduated
inheritance tax law affecting the persons mentioned in prior tax laws and against whom the tax had formerly been imposed at the uniform rate of one *Page 371 
per cent upon all sums above the first ten thousand dollars. (Laws of 1917, chapter 43, p. 196.)
Section 1 of that act, p. 196, Rem. Comp. Stat., § 11202, read, in part, as follows:
"The inheritance tax shall be imposed on all estates subject to the operation of this act at the following rate:
"If passing to or for the use of a father, mother, husband, wife, lineal descendant, adopted child or lineal descendant of an adopted child, the tax shall be one per centum of any value not exceeding fifty thousand dollars; two per centum of any value in excess of fifty thousand dollars and not exceeding one hundred thousand dollars; three per centum of any value in excess of one hundred thousand dollars and not exceeding two hundred fifty thousand dollars; five per centum of any value in excess of two hundred fifty thousand dollars: Provided, however, That in theabove cases, ten thousand dollars of the net value of any estateshall be exempt from such duty or tax." (Italics ours.)
It will be noted that, by the terms of that section of the 1917 statute, the tax was imposed at a progressive rate if passing to the persons therein designated, and that ten thousand dollars of the net value of any estate was exempt from such tax.
While that statute was in operation, a question similar to the one now before us was presented to this court in the case of Inre Sherwood's Estate, 122 Wn. 648, 211 P. 734. Basing its decision entirely on the language of the proviso contained in § 1 of the 1917 statute (Rem. Comp. Stat., § 11202), just quoted, the court said, on page 667:
"The question is whether the sum of ten thousand dollars, exempted by the proviso to the act, shall be taken from the whole of the amount passing and the remainder divided into blocks for the purpose of applying graduated rules, or whether the amount passing shall first be divided into blocks and the exemption taken from the amount of the first of the blocks. The *Page 372 
statute is not altogether free from doubt as to its meaning, but since the wording of the statute is that ten thousand dollars ofthe net value of the estate shall be exempt from the duty or tax, the legislative intent seems to have been to treat that much of the estate, when computing the tax, as if it had noexistence. It would follow that the first of the suggested methods was the correct one, and we so hold." (Italics ours.)
Further along, we will more fully consider the effect of theSherwood case upon the construction to be given to the 1939 statute.
In 1923, about two months after the decision in that case had been rendered, the legislature amended the 1917 act in certain respects not material here, but retained the identical language of the proviso of § 1 of the 1917 act, as quoted above. It may therefore be assumed that, by reenacting the proviso, the legislature adopted the construction placed thereon by this court in the Sherwood case.
In 1929 and in 1931, the legislature again amended the inheritance tax law in certain respects not material here, but likewise retained the general form of the proviso of the 1917 act. (See Laws of 1929, chapter 205, p. 527, § 1, and Laws of 1931, chapter 134, p. 401, § 3.) It may therefore be assumed, as stated by amici curiae herein, who oppose the judgment of the trial court, that, under the acts of 1917, 1923, 1929, and 1931, the exemption amount was to be treated "as if it had noexistence," as held by this court in the Sherwood case,supra.
In 1935, the legislature adopted a general revenue act (Laws of 1935, chapter 180, p. 706) in which Title XV, covering §§ 104 to 127 inclusive, pp. 768 to 792, was devoted to the inheritance tax. Section 106, p. 770, which made a distinct change in the law as it had existed since 1917, read, in part, as follows: *Page 373 
"An inheritance tax shall be imposed on all estates subject to this act and other inheritance tax acts of the State of Washington, at the following rates:
"Class A. Any devise, bequest, legacy, gift or beneficial interest to any property or income therefrom which shall pass to or for the use or benefit of any grandfather, grandmother, father, mother, husband, wife, child or stepchild, or any lineal descendent of the deceased is hereby denominated as class A. On any amount passing to class A in excess of $10,000 up to andincluding $25,000, 1%; on any amount in excess of $25,000 up to and including $50,000, 2%; on any amount in excess of $50,000 up to and including $100,000, 4%; on any amount in excess of $100,000 up to and including $200,000, 7%; on any amount in excess of $200,000 up to and including $500,000, 9%; on any amount in excess of $500,000, 10%; . . ." (Italics ours.)
Nowhere in that section was any exemption in express terms granted to class A beneficiaries, as had theretofore been granted by the 1917 act and subsequent acts. Accordingly, the effect of § 106 of the 1935 act was to render inapplicable the holding of theSherwood case that "the legislative intent seems to have been to treat that much of the estate, when computing the tax, as if it had no existence." Stated otherwise, the effect of that section of the 1935 statute was two-fold: (1) to treat the first ten thousand dollars of any estate passing to class A as havingexistence, but not subject to tax, and (2) like the 1901, 1907, and 1911 acts, to impose a tax only on the amounts in excess of the first ten thousand dollars.
The 1935 act also introduced, by § 107, p. 771, a number of new provisions, two subdivisions of which call for notice here. Section 107 (m) provided that, where the property of the decedent was partly within and partly without the state, the allowable exemption was to be prorated according to the proportionate values *Page 374 
of the property situated within the jurisdiction of this state and the property situated without its jurisdiction. Section 107 (p) provided that no exemption should be allowed where the decedent was not a resident of a territory or state of the United States.
While the object of the legislature in passing those two subdivisions of § 107 of the 1935 act was clear, its accomplishment was defeated by reason of the fact that the act nowhere made any provision for rates to be applied to the first ten thousand dollars of an estate when the conditions peculiar to those subdivisions were present. That situation, in itself, of course, called for amendment of the 1935 act. We will refer to that feature again a little later herein.
In 1939, the legislature once more amended the inheritance tax law. (See Laws of 1939, chapter 202, p. 692.) For convenience, we quote again, in part, § 1 of that act (amending § 2 of the 1901 act):
"On any amount passing to class A up to and including $25,000, 1%; on any amount in excess of $25,000 up to and including $50,000, 2%; on any amount in excess of $50,000 up to and including $100,000, 4%; on any amount in excess of $100,000 up to and including $200,000, 7%; on any amount in excess of $200,000 up to and including $500,000, 9%; on any amount in excess of $500,000, 10%; Provided, That except as otherwise provided by statute there shall be exempt $10,000 of any amountpassing to class A, . . ." (Italics ours.)
At the same time, the legislature in the 1939 act reenacted verbatim § 107 (m) and (p) of the 1935 act.
[1] With this review of the development of the inheritance tax law, in so far as it bears upon the question here presented, we proceed to a consideration of the proper construction to be placed upon the language of the present statute.
Appellant's position is that the 1939 law is a substantial *Page 375 
reenactment of the 1917 law, and that it should therefore be given the same construction that was given to the prior law by this court in the Sherwood case, supra. Amici curiae, aligning themselves with appellant, make the same contention, and urge that, in computing the tax, the portion of the estate exempted by the proviso in the 1939 act should, in the language of the Sherwood case, be treated "as if it had no existence."
It will be recalled that, in the Sherwood case, the court recognized that the proviso in the 1917 statute, which read "ten thousand dollars of the net value of any estate shall be exempt from such duty or tax," was not altogether free from doubt as to its meaning, and that, in view of the particular wording thereof, the court concluded that "the legislative intent seems to have been to treat that much of the estate, when computing the tax, as if it had no existence." Further, it may be noted that the particular holding for which that case is cited by appellant was upon only one, and a relatively unimportant one, of the four points that were therein decided, and that the point here under consideration was disposed of rather summarily and without much discussion.
In any event, the proviso in the 1917 statute, as construed in the Sherwood case, is fundamentally different from that in the 1939 statute. By the 1917 proviso, the "net value of any estate," if passing to certain persons designated therein, was entitled to an exemption of ten thousand dollars; that is, the exemption applied directly and in an invariable amount to the estateitself, however great or small it might be, and regardless of any other provisions in the statute. Hence, it was held that, for taxation purposes, the full and specific amount of ten thousand dollars was to be treated "as *Page 376 
if it had no existence" and did not constitute a part of the estate.
The 1939 statute employs a wholly different formula. Section 1 of that act, as above quoted, which has reference to the graduated rate, is not primarily concerned with the determination of the net amount of the taxable estate, but, rather, with the division of the entire estate into blocks by which the applicable rates of taxation are to be determined. The denominator employed for that purpose is "the amount passing" to persons within class A. Thus, the act first designates a series of blocks, or brackets, to be determined by the amount passing to persons included in that class; it then fixes the tax rates to be applied to the respective blocks; and, finally, "except otherwiseprovided by statute," it allows an exemption of ten thousand dollars "of any amount passing" to such persons.
The former statute accomplished a reduction in the amount of the taxable estate; the latter statute takes into consideration the full amount of the estate by dividing it into blocks, and then exempts from taxation a portion of the amount falling within the first block. Therefore, under the language of the statute now in effect, it cannot be said correctly that the amount of the exemption, which may vary according to circumstances, is to be treated "as if it had no existence."
Expressing the effect of the 1939 statute as succinctly as we can, we hold that, for the purpose of composing the various blocks, or brackets, referable to class A, and for the purpose of fixing the rate for each block, the entire net amount of the estate, including the ten thousand dollars exemption, or the prorata part thereof, is to be considered; and that only for the purpose of determining what amount within the *Page 377 
first bracket shall be taxed at the designated rate of one per cent can the exemption be deducted.
If sustaining authority for our position be necessary, it can be found in the following cases: In re Timken's Estate,158 Cal. 51, 109 P. 608; In re Potter's Estate, 188 Cal. 55,204 P. 826; In re Steehler's Estate, 195 Cal. 386, 233 P. 972;In re Boutin's Estate, 149 Minn. 148, 182 N.W. 990; In reFrantz' Estate, 62 Ohio App. 271, 23 N.E.2d 849; In reFahnestock's Estate, 61 S.D. 24, 245 N.W. 899; In re Hone'sEstate, 50 Utah 92, 166 P. 990; In re Duerrwaechter'sEstate, 187 Wis. 88, 203 N.W. 914.
Amici curiae concede that, under the 1935 act, a maximum of fifteen thousand dollars was taxable at the rate of one per cent, but argue that the provisions of the 1939 act, in respect to the matter now under consideration, cannot be harmonized with those of the 1935 act. It is true, as already indicated, that the formulae adopted by the two acts are different. The 1935 act imposed the tax of one per cent "upon any amount passing to class A in excess of ten thousand dollars up to and including twenty-five thousand dollars," while the 1939 act imposes the same rate, one per cent, "on any amount passing to class A up to and including twenty-five thousand dollars," but, by the proviso, prescribes that "there shall be exempt ten thousand dollars of any amount passing to class A." The result, however, so far as tax equation is concerned, is the same in both instances. Always to be kept in mind is the fact that in neither statute is there provision for any deduction from the "net value of any estate."
The change in formula from the 1935 act was necessary, for one reason at least, because of the hiatus created by § 107 (m) and (p) of the 1935 act. Since these subdivisions were reenacted verbatim in the *Page 378 
1939 act, it was necessary to make some change in § 1, above quoted, of the later act. The change in formula in the 1939 act bridged the hiatus.
There is nothing in the language of the 1939 act which indicates an intention on the part of the legislature to effect aresult, in the method of computation, different from that which it had so clearly expressed in the 1935 act.
The judgment is affirmed.
BLAKE, C.J., MAIN, ROBINSON, and JEFFERS, JJ., concur.