IN RE: SETTLEMENT OF ESTATE OF
ANDREW W. NEWBERRY, ETC.

(No. 10511)

Submitted April 21, 1953.    Decided May 19, 1953.

*Henry S. Schrader, Charles P. Mead* and *C. Lee Spillers,* for plaintiff in error.

*John G. Fox,* Attorney General, *William T. George, Jr.,* Assistant Attorney General, and *Louie E. Miller, Jr.,* for defendant in error.

GIVEN, JUDGE:

The question before the Court on this writ of error, granted to a judgment of the Circuit Court of Ohio

County, affirming an assessment made by the State Tax Commissioner and appealed to the circuit court, pursuant to Code, 11-11-21, relates to the method adopted by the commissioner in the allowance of the exemptions provided in the applicable inheritance tax statutes. The market value of the estate presently involved, as determined by provisions of Code, 11-11-5, as amended, was $142,392.75. The taxpayer figured the tax due the State, under the statutes, as being $5,207.09, after deducting a claimed discount, and remitted that sum to the commissioner. The commissioner, using the same market value of the estate, except as to an unimportant mathematical error made by the taxpayer, found owing the State an additional tax of $301.50. The present controversy relates to such additional amount of tax.

The widow of the testator, named in the will under which the property passed, is the sole beneficiary thereof and, under Code, 11-11-4, as amended, is entitled to an exemption of fifteen thousand dollars, against which no tax can be assessed. The manner of the allowance of the exemption, however, raises the controlling question.

The procedure followed by the taxpayer, in the determination of the amount of the tax, was to deduct the exemption of fifteen thousand dollars from the total amount of the value of the estate, assess the next fifty thousand dollars of the estate at the rate of three per cent, the minimum rate of tax, and the remainder of the estate at five per cent, the next higher rate provided by the statute. The procedure of the commissioner was to deduct the fifteen thousand dollars exemption from the first fifty thousand dollars of the estate, assess the remainder of the fifty thousand dollars at the three per cent rate, and the amount of the estate over and above the fifty thousand dollars at the five per cent rate. The result of the procedure contended for by the commissioner is, of course, a larger tax assessment, since a smaller proportion of the estate, under that procedure, is assessed at the three per cent rate, and a larger proportion at the five per cent rate.

Sections 2 and 3 of Article 11, Chapter 11 of the Code, as amended, establish the rates for such assessment. Section 2, in so far as material, reads: "When the property or any beneficial interest therein passes by any such transfer where the amount of the property considered as a unit shall exceed in value the exemption hereinafter specified, and shall not exceed in value fifty thousand dollars, the tax hereby imposed shall be; (a) Where the person or persons entitled to any beneficial interest in such property shall be the wife, husband, child, stepchild, or the descendants of a living or deceased child per stirpes, or father or mother of the decedent, at the rate of three per cent of the market value of such interest in such property; * * *." Section 3, in so far as material, reads: "When the market value of any such property considered as a unit exceeds fifty thousand dollars, the rate of tax upon such excess shall be as follows: (a) Upon all in excess of fifty thousand dollars, up to and not exceeding one hundred fifty thousand dollars, the rate shall be as follows: Transfers to those persons in subdivision (a) of section two, five per cent; * *. *." It will be noticed that Section 2 relates to estates or interests, against which the tax may be assessed, which do not exceed fifty thousand dollars, and to the first fifty thousand dollars of any estate or interest where the value of the estate or interest exceeds fifty thousand dollars. It is also clear that Section 2 provides a complete method for taxing any such estate or interest, where the value thereof does not exceed fifty thousand dollars. In other words, Section 2 exclusively provides the tax as to estates or interests which do not exceed, in value, fifty thousand dollars, while Section 3 exclusively provides the tax as to that part of any estate or interest which does exceed fifty thousand dollars. Therefore, in determining the amount of the tax as to an estate of a greater value than fifty thousand dollars, we must deal with both sections and, in such circumstances, the two sections must be read *pari materia.*

Eliminating from Section 2 language not pertinent

to the point, and not applicable to the estate here involved, it simply says: "When the property or any beneficial interest * * * shall exceed in value the exemption * * *, and shall not exceed in value fifty thousand dollars, the tax * * * shall be * * * at the rate of three per cent of the market value * * *" of the amount above the exemption. Here we find definite language clearly saying that after the deduction of the amount of the proper exemption, the remaining part of the value of the interest shall be taxed at the rate of three per cent, if the value of such interest is less than fifty thousand dollars, or, if the value of such interest is greater than fifty thousand dollars, the remainder of the fifty thousand dollars, after deduction of the exemption, shall be at the rate of three per cent. This section mentions or provides no tax as to that part of any estate or interest the value of which is in excess of fifty thousand dollars, although it specifically provides a tax, at different rates, for each possible class of beneficiaries.

Eliminating from Section 3 language not pertinent to the point or applicable to the estate here involved, it simply says: "When the market value * * * exceeds fifty thousand dollars, the rate of tax upon * * * all in excess of fifty thousand dollars, shall be * * * five per cent; * * *." Again we find clear, definite language. How can "all in excess of fifty thousand dollars" be taxed at five per cent, if some proportion of such excess is to be deducted and taxed at the lower rate? It is significant, we think, that no exemption, is even mentioned in Section 3, dealing with interests of greater value than fifty thousand dollars. All matters as to exemptions have been taken care of in Section 2, out of the first fifty thousand dollars value of the estate. Thereafter, the graduated rates provide the only differentials as to the several classes of beneficiaries.

Acts of the Legislature, dealing with inheritance taxes in this State, have been numerous and varied. We think a history thereof not very helpful. Decisions of other

states are helpful only where statutes considered are similar to the statute under consideration here. In *Commonwealth* v. *Carter*, 126 Va. 469, 102 S. E. 58, the statute considered, in so far as material here, reads: "Where any estate * * * shall pass under a will * * *, the estate so passing shall be subject to a tax of one per centum on every hundred dollars' value thereof: Provided, that estates passing to * * * wife * * * shall be subject to a tax of one per centum on every hundred dollars' value thereof in excess of fifteen thousand dollars; * * *. When the amount of the market value of such property or interest exceeds fifteen thousand dollars, the rate of tax upon such excess shall be as follows: (1) Upon all in excess of fifteen thousand dollars up to fifty thousand dollars, at the primary rates. (2) Upon all in excess of fifty thousand dollars and up to two hundred and fifty thousand dollars, two times the primary rates * * *." In the opinion, the Court stated: "The trial court rightly determined that the inheritance tax upon this property was correctly assessed by the clerk of the court in the first instance. Each of them is entitled to an exemption of $15,000, then the primary rate of 1 per cent was properly applied to the excess up to $50,000, or on $35,000, and the higher rates thereafter on such excess above $50,000, as clearly indicated in the statute. The tax should be computed upon the market value of each share of the property after such deduction of $15,000 is made."

In *In Re: Boutin's Estate*, 149 Minn. 148, 182 N. W. 990, the statute considered, in so far as material here, reads: "When the property or any beneficial interest therein passes * * * where the amount of the property shall exceed in value the exemption hereinafter specified and shall not exceed in value fifteen thousand dollars the tax hereby imposed shall be: (1) Where the person entitled * * * shall be the wife * * *, at the rate of one per centum * * * termed the primary rates. When the amount of the * * * interest exceeds fifteen thousand dollars, the rate of tax upon such excess shall be * * *

(1) Upon all in excess of fifteen thousand * * * one and one-half times the primary rates. * * *." An exemption of ten thousand dollars was allowable to a widow. Except as to matters not material here, the wording of the statute appears identical with the West Virginia statute. The Court held that the exemption of ten thousand dollars should be deducted from the first fifteen thousand dollars of the $20,566.88, the total value of the interest passing; the five thousand dollars remaining of the fifteen thousand dollars taxed at the primary rate; and the excess of the $20,566.88, over the fifteen thousand dollars, taxed at the higher rate. See *In Re Timkin's Estate*, 158 Cal. 51, 109 P. 608; *In Re Fahnestock's Estate*, 61 S. D. 24, 245 N. W. 899; *In Re Duerrwaechter's Estate*, 187 Wis. 88, 203 N. W. 914; *In Re Frantz' Estate*, 62 Ohio App. 271, 23 N. E. 2d 849; *In Re Hone's Estate*, 50 Utah 92, 166 P. 990; *In Re Lindholm's Estate*, 6 Wash. 2d 366, 107 P. 2d 562.

In the stipulation made part of the record, it is agreed that "The interpretation given by the Tax Commissioner to Section 2, 3, and 4 of Article 11, Chapter 11 and corresponding sections of the law as they existed prior to 1933 has been varied and not uniform. For the period 1923 to 1933, the procedure now advocated by the Tax Commissioner was employed. During the period 1933 to 1941 no exemptions were allowed on transfers in excess of $25,000.00 so the procedures of the department for those years is not germane. During the period 1941 and 1942 the procedure advocated by the plaintiff was in use. During the year 1943 and thereafter until March 21, 1944, the procedure now advocated by the Commissioner was in use. On or about March 21, 1944, the Tax Commissioner's Office again used the procedure advocated by the plaintiff. A booklet styled 'In Re West Virginia Inheritance and Transfer Tax and Procedure', dated 1943, and issued by George P. Alderson, a former State Tax Commissioner, and being the booklet available to fiduciaries, attorneys and others filing State Inheritance Tax Returns, contained, among other data, an illustration

relating to the determination of Inheritance Tax liability of estates, and including the passage of inheritances to surviving widow and surviving children. The booklet, in these particulars, set forth illustrations using the tax determination method advocated by the plaintiff in this proceeding." The taxpayer strongly contends that the facts stipulated show the administrative interpretation of the statutes involved to be in accord with the method used by her in computing the tax owing the State, and that great weight should be given to that interpretation in determining the meaning of the statute. We are not unmindful of the rule alluded to, but it can be of no help here. We find that the language of the statutes is clear and unambiguous, making interpretation thereof unnecessary. See 17 M. J., Statutes, Section 34. Moreover, the stipulation shows that the interpretation given the statutes, by those charged with their administration, has been varied, sometimes being in accord with the contention of the taxpayer—sometimes not. In such circumstances, the administrative interpretation can be of little, if any, help in finding the intended meaning of the statute. See *Rickey* v. *Sims,* 122 W. Va. 29, at 35, 7 S. E. 2d 54.

We necessarily conclude that the deduction of the exemption should be from the first fifty thousand dollars of the market value; that the difference between the amount of the exemption and the first fifty thousand dollars should be taxed at the three per cent rate; that the balance of the estate should be taxed at the five per cent rate; and that the judgment of the Circuit Court of Ohio County should be affirmed.

*Affirmed.*