Under Transfer Tax Law (Laws 1911, c. 732) § 221a, subd. 1, providing for a transfer tax at the rate of 1 per centum on any amount in excess of $5,000 up to the sum of $50,000, and 2 per centum on any amount in excess of $50,000 up to the sum of $250,000, a bequest to testator's widow found by the tax appraisers to be worth $67,074.87 is, after exempting $5,000, subject to a transfer tax of 1 per cent. on $45,000 and 2 per cent. on the balance.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*]

2. TAXATION (§ 886½*)—TRANSFER TAX—"AMOUNT"—"SUM."

In Transfer Tax Law (Laws 1911, c. 732) § 221a, subd. 1, providing for a tax of 1 per centum on any amount in excess of $5,000 up to the sum of $50,000, "amount" and "sum," though popularly used to denote money, mean value; the tax being upon all kinds of property.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*

For other definitions, see Words and Phrases, vol. 1, pp. 375–376; vol. 7, p. 6784.]

In the matter of the estate of Job Elletson.  Proceeding to fix the amount of a transfer tax.  Decree entered.

Henry D. Parsell, for administratrix cum testamento annexo.

Woolsey R. Hopkins, for State Comptroller.

WOODIN, S.   [1] The amendment to the Transfer Tax Law passed July 21, 1911, provides a new rate of tax upon the transfer of property passing to any person or corporation; and subdivision 1 of section 221–a reads as follows:

"On a transfer taxable under this article of property or any beneficial interest therein of an amount in excess of the value of five thousand dollars to any father, mother, * * * the tax on such transfer shall be at the rate of one per centum on any amount in excess of five thousand dollars up to the sum of fifty thousand dollars; two per centum of any amount in excess of fifty thousand up to the sum of two hundred fifty thousand dollars; three per centum on any amount in excess of two hundred fifty thousand up to the sum of one million dollars and four per centum on any amount in excess of one million." Laws 1911, c. 732.

In the case under consideration, the amount of the estate passing to the widow under the will of the deceased has been found, by the tax appraiser, to be $67,074.87; and the question presented is whether, after exempting $5,000, a tax should be imposed at 1 per cent. on $50,000 and 2 per cent. on the balance, or, as the Comptroller contends, 1 per cent. on $45,000 and 2 per cent. on the balance.

It is necessary to bear in mind that, under the present law, the tax is imposed upon the transfer of property passing to the individual, and not upon the estate of the decedent; and consequently the expression, "one per centum on any amount in excess of five thousand dollars up to the sum of fifty thousand dollars," refers to the legacy or share.

My attention has been called to Matter of Jourdan, 70 Misc. Rep. 159, 128 N. Y. Supp. 728, construing the amendment of 1910, in which case a somewhat similar question arose in the imposition of the tax under that act; and, while the rate of tax and the amounts subject to the same are different, as well as the phraseology, yet the rule to be applied in ascertaining the sums upon which the different rates of tax should be assessed is to be followed under both acts.

In the Jourdan Case it was held that the words, "up to and including the sum of," related to the excess over the amount subject to the previous rate of taxation, and not to the entire amount of the transfer; in other words, that the tax (under the act of 1910) should be at the rate of 1 per cent. on $25,000, 2 per cent. on $100,000, 3 per cent. on $500,000, 4 per cent. on $1,000,000, and 5 per cent. on any further sums. If that construction is correct, the same interpretation should be placed upon the present act, for the reasoning in that case would apply with equal force to the one under consideration.

The correct interpretation hinges upon whether the word "sum" in the several phrases fixing the different rates of tax refers to the legacy or share as a whole, or is the amount upon which the tax is to be imposed. To put it more plainly, should the statute be made to read "no tax on five thousand, one per cent. on the next fifty thousand dollars, two per cent. on the next two hundred fifty thousand dollars," etc., or should it be made to read "one per cent. on any amount in excess of five thousand dollars up to a legacy of fifty thousand dollars, two per cent. on any amount in excess of a legacy of fifty thousand dollars up to a legacy of two hundred fifty thousand dollars," etc? As has been stated, the legacy or share of the individual is the interest which is now the basis of the tax, and the words "amount" and "sum" in the different phrases necessarily refer to the legacy or share.

I should be inclined to follow the rule laid down in the Jourdan Case, were it not that I am impressed with the belief, after carefully reading the statute, that the Legislature had in mind and referred to the legacy or share as a whole in fixing the amounts upon which the different rates of tax should be imposed. I am led to this conclusion, when we consider that the tax is imposed upon the transfer and not upon the property passing, although the rate of tax is measured by the value of the property transferred.

[2] The use of the words "amount" and "sum" in the statute is unfortunate, as these words are popularly used to denote money; but, as applied in this statute, they must be taken to mean "value," as the tax is upon all kinds of property. If a parcel of real estate is transferred, the statute must be made to read "value," instead of "amount" or "sum," and the phrase fixing the rates of tax must be interpreted to read "one per centum on any transfer of property of the value in excess of five thousand dollars up to the value of fifty thousand dollars," etc. Still bearing in mind that the tax is upon the transfer, and that the Legislature must be deemed to have had the "transfer" in mind in fixing the different rates of tax, the statute then reads as follows:

"One per centum on any transfer of the value in excess of five thousand dollars up to the value of fifty thousand dollars, two per centum on any transfer of the value in excess of fifty thousand dollars up to the value of two hundred fifty thousand dollars, three per centum on any transfer of the value in excess of two hundred fifty thousand dollars up to the value of one million dollars and finally four per centum on any transfer in excess of the value of one million dollars."

Or, to put it another way, it is as though the Legislature has said the tax will be 1 per cent. on any transfer in excess of $5,000 up to and until the transfer reaches $50,000, 2 per cent. on any transfer in excess of $50,000 up to and until the transfer amounts to $250,000, 3 per cent. on any transfer in excess of $250,000 up to and until the transfer reaches $1,000,000, and finally 4 per cent. on all amounts in excess of a transfer of the value of $1,000,000.

This construction is further emphasized by the last provision for taxation in this section, "four per centum on any amount in excess of one million dollars," which, to my mind, indicates an intention on the part of the Legislature that a legacy or share of $1,000,000 in value is the maximum amount which may be transferred without incurring a 4 per cent. tax. If we apply the rule laid down in the Jourdan Case, we have this result: $5,000, exempt; $50,000, 1 per cent. tax; $250,000, 2 per cent. tax; $1,000,000, 3 per cent. tax; or a total legacy or share of $1,305,000 transferred before the 4 per cent. tax takes effect. Whereas under that statute, as I read it, this is the scheme contemplated: $5,000, exempt; $45,000, 1 per cent. tax (total transfer $50,000); $200,000, 2 per cent. tax (total transfer $250,000); $750,000, 3 per cent. tax (total transfer $1,000,000), making a total of $1,000,000 transfer subject to the rates of 1, 2, and 3 per cent. on the different amounts set forth, and the 4 per cent. tax becomes operative on any transfer in excess of the value of $1,000,000.

An order may be entered fixing a tax of 1 per cent. on $45,000 and 2 per cent. on the balance of $17,074.87.

Decreed accordingly.