ESTATE OF DUERRWAECHTER: DUERRWAECHTER and others,
Executors, Appellants, vs. WISCONSIN TAX COMMIS-
SION and another, Respondents.

*April 9—May 12, 1925.*

*Inheritance taxes: Property assigned to widow: How tax computed.*

In computing the inheritance tax due on an estate valued in˙ ex-
cess of $100,000, all of which was assigned to the widow of
the deceased, there should first be deducted $25,000, the
amount exempt from any tax, and the tax due be then deter-
mined by the application of the primary rate as increased by
the statute in accordance with the amount of the transfer.

APPEAL from an order of the county court of Washington
county: P. O'MEARA, Judge. *Affirmed.*

For the appellants the cause was submitted on the brief
of *E. W. Sawyer,* attorney, and *Sawyer & Gehl,* of counsel,
all of Hartford.

For the respondents there was a brief by the *Attorney
General, Franklin E. Bump,* assistant attorney general, and
*John Harrington,* inheritance tax counsel, and oral argu-
ment by *Mr. Bump.*

CROWNHART, J.   This is a proceeding to determine the
inheritance tax on the estate of Philip G. Duerrwaechter,
deceased.   It presents purely a question of law.

The estate was valued at $109,076.74, and the widow of
the deceased was assigned the entire estate.   The county
court exempted the first $25,000 from the tax, according to
statute, and levied an inheritance tax on the balance of the
estate at the rates designated in sec. 72.03 of the Statutes.

Sec. 72.01 of the Statutes imposes inheritance taxes on
the transfer of property.   Sec. 72.02 designates the rates to
be applied on the transfer to the heirs, according to the
degree of consanguinity or a stranger to the blood.   These
rates are designated as primary rates, and, as applied to the

widow of a deceased person, the primary rate is fixed at two per centum.

Sec. 72.03, Stats. 1921, fixes progressive rates according to the value of the estate distributed, and provides:

". . . When the amount of the clear value of such property or interest exceeds twenty-five thousand dollars, the rates of tax upon such excess shall be as follows:

· "(1) Upon all in excess of twenty-five thousand dollars and up to fifty thousand dollars two times the primary rates.

"(2) Upon all in excess of fifty thousand dollars and up to one hundred thousand dollars three times the primary rates.

"(3) Upon all in excess of one hundred thousand dollars and up to five hundred thousand dollars four times the primary rates.

"(4) . . ."

Sec. 72.04, Stats. 1921, provides:

· "The following exemptions from the tax, to be taken out of the first twenty-five thousand dollars, are hereby allowed:

"(1) . . .

"(2) Property of the clear value of twenty-five thousand dollars transferred to the widow of the decedent, and two thousand dollars transferred to each of the other persons described in the first subdivision of section 72.02 shall be exempt. . . ."

Applying this statutory rule, it seems plain that the inheritance tax in the instant case should have been determined as follows:

| Transferred. | Rate. | Tax. |
|---|---|---|
| $25,000 00 | 2 % | Exempt. |
| 25,000 00 | 4 % | $1,000 00 |
| 50,000 00 | 6 % | 3,000 00 |
| 9,076 74 | 8 % | 726 13 |
| $109,076 74 | | $4,726 13 |

This is the method of computation approved by the *Tax Commission,* and followed uniformly by the county courts

of the state ever since the inheritance tax law was passed in 1903. Although not specifically mentioned in the opinion in the case of *Beals v. State,* 139 Wis. 544, 121 N. W. 347, it was the method there used and·affirmed, and the method used in California, which act closely follows that of Wisconsin. *Estate of Timken,* 158 Cal. 51, 109 Pac. 608; *Estate of Bull,* 153 Cal. 715, 96 Pac. 366. The principle of our act was taken from the law of New York, and the same method of computation was appróved in that state. *Matter of Elletson,* 75 Misc. 582, 136 N. Y. Supp. 455. See, also, *Matter of Jourdan,* 151 App. Div. 8, 135 N. Y. Supp. 173. The same rule was followed in Virginia. *Comm. v. Carter,* 126 Va. 469, 102 S. E. 58.

The amount of the tax assessed in the court below was correct.

*By the Court.*—Order affirmed.