**UNITED STATES ex rel. RAY, U. S. Atty., v. PORTER, Commissioner of Finance of Idaho.**

District Court, D. Idaho, S. D. December 30, 1927.

No. 1194.

1. Judgment ⬅713(2)—Judgment in former suit on same cause of action between same parties is conclusive regarding every question determined or determinable.

Where second suit is on same cause of action and between same parties as first, judgment in first suit is conclusive in second suit as to every question which was or might have been presented and determined in first.

2. Judgment ⬅585(2)—Test of identity of causes of action, as regards res judicata, is identity of facts essential to maintain them.

Test of identity of causes, of action, as regards whether judgment in one is bar to the other, is identity of facts essential to maintain them.

3. Action ⬅53(1)—Party seeking to enforce claim, must present to court all possible grounds of recovery.

Party seeking to enforce claim, legal or equitable, must present to court, either by pleading or proof, or both, all grounds on which he expects judgment in his favor, and is not at liberty to split up his demands, and prosecute by piecemeal, or present only portion of grounds on which relief is sought, and leave rest to be presented in second suit, if first fails.

4. Judgment ⬅572(1)—Judgment on demurrer is as effective as one rendered on proof, as regards bar of another action.

An estoppel by judgment grows out of matter of substance, and not of form, and a judgment on demurrer is as conclusive as one rendered on proof, and the question as to such judgment, when pleaded in bar of another action, will be necessarily its legal identity with such action.

5. Judgment ⬅570(4)—Judgment on motion to dismiss for lack of equity and insufficiency of facts pleaded is bar to second suit covering same transaction between parties.

Judgment on motion to dismiss, based on ground of lack of equity and insufficiency of facts pleaded, is bar to second suit covering same transaction between parties.

6. Judgment ⬅585(2)—Where only additional allegation in second suit to sustain preference right to funds of insolvent bank was legal conclusion that bank committed act of bankruptcy, decree in first suit barred second suit (31 USCA § 191).

Where bill in second suit by United States against state commissioner of finance to sustain preference right to funds of insolvent bank alleged same facts as were set forth in bill in first suit, with mere additional allegation of legal conclusion that valuation of bank's assets was insufficient to pay its debts, and that, because of insolvency and of commissioner's taking it over, bank committed an act of bankruptcy, within meaning of Rev. St. § 3466 (31 USCA § 191), decree in first suit, dismissing bill on ground of lack of equity and insufficiency of facts pleaded, was bar to second suit, since it was a fact indispensable to maintenance of both actions that bank was insolvent, or had committed an act of bankruptcy.

See, also, 19 F.(2d) 541; 24 F.(2d) 139.

Sam S. Griffin, Asst. U. S. Atty., of Boise, Idaho, and Charles S. Brothers, Asst. Sol., Department of Agriculture, for plaintiff.

John R. Becker, of Lewiston, Idaho, for defendant.

CAVANAH, District Judge. This case arises on final hearing on pleadings and proof in a bill in equity. The plaintiff is the United States, and the defendant is the commissioner of finance of the state of Idaho. The action is brought by the government to recover from the defendant the sum of $2,902.49, claimed to be forestry funds of the United States, which were on deposit in the Fidelity State Bank of Orofino, Idaho, at the time the bank closed its doors on April 8, 1921, upon the theory that, when the bank suspended payment, it was insolvent, and that the manner in which it was taken over by the defendant and being liquidated for creditors created a voluntary assignment, which was an act of bankruptcy, and hence insolvent within the meaning of section 3466 of the Revised Statutes of the United States (31 USCA § 191), thereby entitling the United States to priority of payment of such debt.

The facts upon which the case hinges are substantially these: That on April 8, 1921, and for some time prior thereto, the Fidelity State Bank of Orofino was engaged in the general banking business under the laws of the state, and on that date, when the bank closed its doors and suspended payment, there was on deposit therein to the credit of the United States moneys in the sum of $2,902.49, belonging to the United States, which had been deposited there subject to check of the special deputy fiscal agent of the Forest Service of the United States. On that date insolvency of the bank is alleged, as it is stated that there was not and is not now property of the bank, at a fair value, sufficient in amount to pay its debts, and by reason thereof the defendant, as commissioner of finance of the state, pursuant to law, closed the bank, took possession of its assets, and is liquidat-

ing its affairs, all of which constitutes an act of bankruptcy, thereby entitling the United States to a priority in the payment of its claim, which was refused by the defendant.

In addition to certain denials and admissions of the allegations of the bill, the defendant in his answer sets up the special defense of res judicata, arising from a decree of this court of date September 18, 1923, adverse to the plaintiff, and from which an appeal was never taken, or the same set aside. The entire history of the transactions of the parties is detailed in the pleadings of the former and the present suits, and they are identical, excepting only that it is alleged in this case, in addition to what appears in the bill in the former suit, by way of a legal conclusion, that the valuation of the bank's assets were insufficient to pay its debts, and that, because of the insolvency and of the commissioner taking it over, the bank committed an act of bankruptcy. The United States brought the first suit against the same defendant here to obtain a decree relating to the same transaction and amount, and to sustain a preference right.

The present suit was brought to sustain the same preference right, and nothing more. These facts are established by the record in the present case. It will therefore be seen from a comparison of the bills in the two suits that the relief sought at the time when the causes of action accrued, and the facts essential to the maintenance of a defense in the two causes of action, are all identical, excepting the legal conclusion referred to, and upon the same cause of action. The same transaction involved in this suit was the subject of litigation in the former suit, and its consideration and decision was essential to the judgment rendered therein.

After a hearing in the former suit, the motion of the defendant to dismiss was granted, and he was dismissed from the suit, on the ground that the bill did not state sufficient facts to entitle the United States to recover, and a decree was entered accordingly.

[1] Counsel for the defendant contends that the first suit of the United States against the defendant, and the judgment of dismissal thereof, have rendered the issue whether or not the United States is entitled to recover here, by reason of a preference granted to the United States under section 3466, res judicata, and have estopped it from obtaining in this suit the relief prayed for. As has been said, the two suits are between the same parties. The rules of estoppel by which this contention must be tested are: When the second suit is upon the same cause of action

and between the same parties as the first, the judgment in the former is conclusive in the latter as to every question which was or might have been presented and determined in the former.

[2, 3] The true test of the identity of causes of action is the identity of the facts essential to maintain them. It was a fact indispensable in the maintenance of the cause of action in the former suit that the bank was insolvent, or had committed an act of bankruptcy; and it is a fact indispensable to the cause of action in this suit that the bank is insolvent, or has committed an act of bankruptcy, before the preference right claimed can be granted to the United States. The principle now recognized is that a party seeking to enforce a claim, legal, or equitable, must present to the court, either by pleadings or the proofs, or both, all the grounds upon which he expects a judgment in his favor, and is not at liberty to split up his demands and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails.

[4] An estoppel by judgment grows out of matter of substance, and not of form, and "a judgment on demurrer is as conclusive as one rendered upon proof. * * * The question as to such judgment when pleaded in bar of another action will be necessarily its legal identity with such action. The general rule of the extent of the bar is not only what was pleaded or litigated, but what could have been pleaded or litigated." Northern Pac. Ry. Co. v. Slaght, 205 U. S. 122, 27 S. Ct. 442, 51 L. Ed. 738; Harrison v. Remington Paper. Co. (C. C. A.) 140 F. 385, 3 L. R. A. (N. S.) 954, 5 Ann. Cas. 314; Bissell v. Spring Valley Tp., 124 U. S. 225, 8 S. Ct. 495, 31 L. Ed. 411.

Further, it has been held by this court that, where a former judgment was upon the same cause of action, it is conclusive, not only as to questions actually adjudicated, but also as to those which might properly have been submitted, as we find the thought advanced by the court that: "In action by surety on deposit of Indian funds under Rev. St. §§ 3466, 3468 (Comp. St. §§ 6372, 6374 [31 USCA §§ 191, 193]), to have its claim declared a preference against funds of insolvent state bank in hands of state commissioner of finance, final decree of dismissal of former action held to estop plaintiff from suing on same cause of action, though allegations that defendant took possession of funds by virtue of assignment were first made in second action." United States Fidelity &

Guaranty Co. v. Porter, Commissioner of Finance (D. C.) 3 F.(2d) 57.

The only difference between the present case and the case of United States Fidelity & Guaranty Co. v. Porter, supra, is that here. the additional averment is the legal conclusion alleged as to the bank committing an act of bankruptcy by reason of the commissioner taking it over, while in the case of United States Fidelity & Guaranty Co. v. Porter, supra, the allegation that the defendant took possession of the bank's funds by virtue of an assignment was first made in the second suit. It will be observed that the court there held that, although the allegation of the assignment was first made in the second suit, yet the plaintiff was estopped from suing on the same cause of action in the second suit, as it was undoubtedly known to the plaintiff all the time and remained the same.

[5, 6] It is said by plaintiff that judgment on motion to dismiss, based on the ground of lack of equity and insufficiency of facts pleaded, is not a bar to a second suit covering the same transaction between the parties. Should this contention prevail, then a judgment on demurrer or motion to dismiss would never be conclusive, although the bill upon which it is based relates to the same cause of action or transaction. The mere fact, as in these two suits, of the plaintiff only overlooking to allege in the bill in its first suit that the act of taking over the bank by the commissioner constituted an act of bankruptcy, does not take this case out of the rule as stated, because in the first bill there were. facts alleged upon which it might be said that the bank had committed an act of bankruptcy when the commissioner took charge of it and closed its doors.

However that may be, the plaintiff had an opportunity, and had knowledge of the fact, to so allege in its first bill that the taking over of the bank by the commissioner the bank committed an act of bankruptcy. It could have then amended its bill after the court had ruled; but it elected to stand upon its motion and allow the case to go to final judgment. It cannot now, after about 18 months from the date of the decree in the first suit, be heard to say that another opportunity should be given it to start another suit, and allege the same facts as were set forth in the bill in the first suit, with the mere additional allegation of a legal conclusion. If such were not the correct doctrine, then there could never be a final judgment on demurrer or motion to dismiss, where a contention is made of insufficiency of facts to state a cause of action.

As the conclusion here reached is that the judgment in the former suit is a bar to this action, it becomes unnecessary to decide the other question submitted, and a decree will be entered, dismissing the bill of complaint.