(No. 6996.   May 25, 1942)

STATE OF IDAHO, on relation of Geo. W. Wedgwood, Commissioner of Finance of the State of Idaho, and Calvin E. Wright, State Auditor of the State of Idaho, Appellant, v. CORA HUBBARD, Administratrix of the Estate of John W. Kimbrough, Deceased, Respondent.

(126 Pac. (2d) 561)

Bert H. Miller, Attorney General, and D. W. Thomas, Assistant Attorney General, for Appellant.

Geo. Donart, for Respondent.

GIVENS, C.J.—The deceased, John W. Kimbrough, left a gross estate of $104,089.99 to his mother, his sole heir. Claims and administration charges amounted to $11,718.64, and the exemption of $4,000, as provided by section 14-407 (2-a) I. C. A., as amended, left a net taxable value of $88,371.35.

This litigation arises out of a conflict as to the manner of computing the inheritance tax due from said estate under sections 14-405 and 14-406 I. C. A., as amended by chapter 56 of the 1935 First Extraordinary Session Laws, page 153.[1] The probate court of Adams County determined the amount of tax due under the provisions of 14-405 and 14-406, as amended as follows:

Amount of taxable property ............$88,371.35
Tax on value of property up to $25,000 at 2%......$  500.00
Tax on $50,000 at 4% -------------------------------------- 2000.00
Tax on $13,371.35 at 6% ---------------------------------  802.28
                                                                        _____
    Total ----------------------------------------------------------------$3302.28

On appeal the district court affirmed.

The State of Idaho appeals herein, contending the tax should have been computed as follows:

Amount of taxable property ............$88,371.35
Tax on value of property up to $25,000 at 2%......$  500.00
Tax on $25,000 at 4% -------------------------------------- 1000.00
Tax on $38,371.35 at 6% --------------------------------- 2302.28
                                                                        _____
    Total -------------------------------------------------------------$3802.28

[1] "Section 14-405. Rates of Taxation—Valuation to $25,000.00. No tax shall be imposed or computed upon the amounts of exemptions hereinafter provided. The tax hereby imposed shall be upon the value of property passed or transferred in excess of the exemptions hereinafter specified, and shall be computed at the following rates:

1. Where the person or persons entitled to any beneficial interest in such property shall be the husband, wife, lineal ancestor,

Under the state's construction of this statute the inheritance tax due is $500 more than the tax found to be due under the respondent's manner of computing the tax. The difference arises out of the construction of the phrase "upon such excess [over $25,000] *up to $50,000*," the state maintaining that this refers to the difference between $25,000 and $50,000, and the respondent contending that this refers to an excess of $50,000 over $25,000, or the difference between $25,000 and $75,000.

Subsections "b," "c," "d," and "e," of section 14-406, as amended, refer to the excess taxable at progressive rates as "over" a certain figure and "up to" another figure. If we adopt the respondent's construction of subsection "a" as meaning the excess of $50,000 between $25,000 and $75,000, then subsection "b" must mean upon the $50,000 over $75,000 and up to $125,000, whereas it expressly states "upon such excess, over $50,000 and up to $100,000, six per cent thereof." Likewise, each of the amounts mentioned in subsequent subsections would be $25,000 larger than the stated amount. The statute clearly states that upon the first $25,000 worth of the market value of such property the tax shall be 2%; that upon the $50,000 worth of property over $50,000 and up to $100,000, the tax shall be 6%; and upon the property worth over $100,000 and up to $200,000 the tax shall be 8%. By giving to these provisions the meaning patently intended by the legislature, it follows that "upon such excess up to $50,000" can mean only that the 4% shall be

lineal issue of the decedent or any child adopted * * * * at the rate of two per cent of the clear value of such interest in such property.
* * * * *"

"Section 14-406. Rates of Taxation—Valuation in Excess of $25,000. 1. When the market value of such property or interest passed or transferred to any of the persons mentioned in subdivision 1 of Section 14-405 exceeds $25,000 over and above the exemptions hereinafter provided for such persons, the rates of tax upon such excess shall be as follows:

a. Upon such excess up to $50,000, four per cent thereof.

b. Upon such excess over $50,000 and up to $100,000, six per cent thereof.

c. Upon such excess, over $100,000 and up to $200,000, eight per cent thereof.
* * * * *"

charged against the $25,000 difference between the primary amount of $25,000 and the first figure stated in subsection "b," $50,000.

"In accordance with general rules, in construing a clause of a statute imposing an inheritance tax, regard must be had for the general scheme of the statute as a whole; the various provisions of the act should be so interpreted as to make it a harmonious whole." (61 C. J. 1625, sec. 2411.)

While the law is as contended by respondent that the inheritance tax laws are special laws and in case of doubt as to their construction are to be strictly construed against the government and in favor of the taxpayer (61 C. J. 1626, sec. 2413), there is this further rule: "The rule of strict construction, ordinarily applied to the operation and effect of a statute imposing an inheritance tax and to the proceedings thereunder, does not apply to the interpretation of the language of the statute in ascertaining the intention of the legislature" (*ibid.*) ; and the real meaning and purpose of the legislature is the thing to be sought after, and, a fair and reasonable construction, if disclosed, is to be given effect. (*In re Fulham's Estate*, 96 Vt. 308, 119 Atl. 433.)

Furthermore, section 14-406 as now written was adopted in 1929. The 1935 amendment only increased the rate of tax on each progressive amount. Since the adoption of the statute in 1929 the construction urged by the state has been placed upon these sections.[2] As stated in *United Pacific Ins. Co. v. Bakes*, 57 Ida. 537, at 545, 67 Pac. (2d) 1024, the "contemporary construction by a co-ordinate branch of the government, charged with the duty of enforcing the statute, is when called upon by the courts to construe the statute, entitled to consideration

---

[2] "It is hereby further stipulated and agreed, for the purpose of this appeal, subject to the rights of the Administratrix of said Estate, to raise the question of the competency, revelancy and materiality thereof, at any stage of said proceedings on appeal, that the Department of Finance of the State of Idaho has always heretofore construed Sections 14-405 and 14-406, Idaho Code Annotated, as amended, in accordance with the construction set forth in paragraph number VI hereof [setting forth state's contention]." (Par. VII of Stipulation of Facts on Appeal.)

and carries weight for two reasons: First, it is a practical and administrative construction of the act; and second, where extended over a period of time leads to the conclusion that such construction being known to the legislature has received its tacit approval as being correct." See also *Ada County v. Bottolfsen,* 61 Ida. 363, at 374, 102 Pac. (2d) 287, and other cases there cited.

The weight given to executive or departmental practice is increased when the legislature re-enacts a statute in the same words and without indicating that the previous construction placed thereupon has been incorrect. (25 R. C. L. 1045, sec. 274; *Oden v. Gates,* 119 Tex. 76, 24 S. W. (2d) 381.)

Authorities are cited and argument is made to the effect that statutes are to be strictly construed against exemptions or exceptions. Inasmuch as the only exemption involved herein is that of $4,000 allowed under section 14-407 (2-a), which by section 14-405 I. C. A. is expressly exempt from any tax, no such question of construction arises and it need not be discussed herein.

The construction urged by the state is upheld by the following authorities:

The statute construed in *In re Duerrwaechter's Estate,* 187 Wis. 88, 203 N. W. 914, provided:

" * * * When the amount of the clear value of such property or interest exceeds twenty-five thousand dollars, the rates of tax upon such excess shall be as follows:

(1) Upon all in excess of twenty-five thousand dollars and up to fifty thousand dollars two times the primary rates [2%].

(2) Upon all in excess of fifty thousand dollars and up to one hundred thousand dollars three times the primary rates.

(3) Upon all in excess of one hundred thousand dollars and up to five hundred thousand dollars four times the primary rates."

The court held that the inheritance tax should have been determined as follows:

| Transferred | Rate | Tax |
| --- | --- | --- |
| $25,000 | 2% | Exempt |
| 25,000 | 4% | $1,000.00 |

| 50,000 | 6% | 3,000.00 |
|---|---|---|
| 9,076.74 | 8% | 726.13 |

In *Torrance v. Edwards*, 89 N. J. L. 507, 99 Atl. 136, the court said:

"The New Jersey statute applicable to the facts of the present case provides that the transfer of the property shall be taxed at the rate of 1 per centum on any amount in excess of $5,000 up to $50,000. The clear meaning of this is that $45,000 shall be subject to a 1 per centum tax; then 1½ per centum on amount in excess of $50,000 up to $150,000. Now it is clear that the amount in excess of $50,000 up to $150,000 is $100,000; therefore, $100,00C is subject to the 1½ per centum tax; then 2 per centum on any amount in excess of $150,000 up to $250,000. Again, it is as clear as language and mathematics can make it that the amount in excess of $150,000 up to $250,-000 is $100,000, and is subject to the 2 per centum tax; then follows the general clause, 'and three per centum on any amount in excess of $250,000.'

"It is quite obvious that, if the theory of the prosecutrix should prevail, the 3 per centum clause would not be applicable until the amount was in excess of $445,000, which is clearly against the express declaration of the statute."

The statute in *Commonwealth v. Carter*, 126 Va. 469, 102 S. E. 58, provided the tax should be "Upon all in excess of fifteen thousand dollars up to fifty thousand dollars, at the primary rates [1%]. Upon all in excess of fifty thousand dollars and up to two hundred and fifty thousand dollars, two times the primary rates. Upon all in excess of two hundred and fifty thousand dollars and up to one million dollars, three times the primary rates. * * *" The court held that after allowing the exemption of $15,000, "the primary rate of 1 per cent. was properly applied to the excess up to $50,000, or on $35,000, and the higher rates thereafter on such excess above $50,000, as clearly indicated in the statute."

The California supreme court has computed the inheritance tax in the same way under substantially similar statutes in *In re Bull's Estate*, 153 Cal. 715, 96 Pac. 366;

*In re Timken's Estate,* 158 Cal. 51, 109 Pac. 608; *In re Child's Estate,* (Cal.) 108 Pac. (2d) 757.

The New York cases alone appear to sustain the state's contention. The court in *In re Jourdan's Estate,* 128 N. Y. S. 728, held that the tax under the statute providing:

"Upon all amounts in excess of the said twenty-five thousand dollars up to and including the sum of one hundred thousand dollars, twice the primary rates;

Upon all amounts in excess of the said one hundred thousand dollars and up to and including the sum of five hundred thousand dollars, three times the primary rates;

Upon all amounts in excess of the said five hundred thousand dollars up to and including the sum of one million dollars, four times the primary rates:

Upon all amounts in excess of the said one million dollars, five times the primary rates."

should be: 1% (the primary rate) on $25,000; 2% on $100,000; 3% on $500,000; 4% on $1,000,000; 5% on $516,000.48, "in excess of the said $1,000,000." This decision was reversed in 135 N.Y.S. 172 by the appellate division of the supreme court, and the appellate division's decision was again reversed by the court of appeals in 99 N. E. 1109. *In re Hogg's Estate,* 140 N. Y. S. 604, followed the Jourdan case as reported in 128 N. Y. S. 728. At the time *In re Elletson's Estate,* 136 N. Y. S. 455, was decided, the New York transfer tax law had been amended to read: "the tax on such transfer shall be at the rate of one per centum on any amount in excess of five thousand dollars up to the sum of fifty thousand dollars; two per centum of any amount in excess of fifty thousand dollars up to the sum of two hundred fifty thousand dollars; three per centum on any amount in excess of two hundred fifty thousand up to the sum of one million dollars and four per centum on any amount in excess of one million." The court stated that the scheme contemplated by this statute was as follows: $5,000, exempt; $45,000, 1% tax; $200,000, 2% tax; $750,000, 3% tax. The New York law was again amended by chapter 548 of the 1916 laws, the rates being as follows:

"One per centum on any amount up to and including the sum of twenty-five thousand dollars;

"Two per centum on the next seventy-five thousand dollars or any part thereof;

"Three per centum on the next one hundred thousand dollars or any part thereof;

"Four per centum on the amount representing the balance of each individual transfer."

This section has apparently not been construed by the New York courts, but the wording of the amendment itself is completely in harmony with the construction which we have held should be placed upon our statute.

Judgment reversed. Costs to appellant.

Holden and Ailshie, JJ., concur.

MORGAN, J., concurring.—Idaho Code Annotated, § 14-405, as amended by the First Extraordinary Session of the 1935 Legislature, chapt. 56, page 154, provides:

"Section 14-405. Rates of Taxation—Valuation to $25,-000.00. No tax shall be imposed or computed upon the amounts of exemptions hereinafter provided. The tax hereby imposed shall be upon the value of property passed or transferred in excess of the exemptions hereinafter specified, and shall be computed at the following rates:

"1. Where the person or persons entitled to any beneficial interest in such property shall be the * * * lineal ancestor, * * * of the decedent * * * , at the rate of two per cent of the clear value of such interest in such property. * * * "

The difference of opinion in this case arises out of a difference in the interpretation of the language of the next succeeding section, as follows:

"Section 14-406. Rates of Taxation—Valuation in Excess of $25,000. 1. When the market value of such property or interest passed or transferred to any of the persons mentioned in subdivision 1 of Section 14-405 exceeds $25,000 over and above the exemptions hereinafter provided for such persons, the rates of tax upon such *excess* shall be as follows:

"a. Upon such *excess* up to $50,000, four per cent thereof.

"b. Upon such *excess*, over $50,000 and up to $100,-000, six per cent thereof. * * * " (Emphasis added.)

There should be no difference of opinion about what that language means. Property, over and above exemptions, of a value not exceeding $25,000, is taxable at the rate of two per cent. Property in *excess* of $25,000 and up to $50,000, is taxable at four per cent. Property in *excess* of $50,000 and up to $100,000 is taxable at six per cent.

I am in full accord with the opinion of Chief Justice Givens.

BUDGE, J.—dissenting.—I am of the opinion that the judgment of the trial court should be sustained, briefly for the following reasons.

The $88,371.35 is excess over exemptions. The question therefore is how should this excess be taxed under the statutes. The first $25,000, is taxable at two per cent. There is no disagreement thus far. Where the estate exceeds $25,000, the rate of tax upon such excess shall be as follows: "a. Upon such excess up to $50,000, four per cent thereof." To make up the $50,000, under the majority opinion, the first $25,000 forms a part of the $50,000 "excess." This, to my mind, is incorrect. The $25,000 is out of the picture and should not be considered further for any purpose. It is the amount in excess of $25,000, that is subject to the four per cent tax, up to an amount of $50,000. Any amount of excess over $50,000 up to $100,000, is taxable at six per cent; and upon the excess over $100,000, in any amount, up to $200,000, at eight per cent.

Attention is called in the majority opinion to the present New York inheritance tax law, as amended, being as follows: "one per centum on any amount up to and including the sum of twenty-five thousand dollars." Our statute provides for two per cent tax on the first twenty-five thousand dollars. The New York law provides "Two per centum on the next seventy-five thousand dollars or any part thereof." Our law provides "upon such excess up to $50,000, four per cent thereof," that is, excess over and above $25,000. The New York law provides "Three per

centum on the next one hundred thousand dollars or any part thereof." Our statute provides "upon such excess, over $50,000 and up to $100,000, six per cent thereof." The New York law provides for one per cent on the first $25,000, and on the next $75,000, six per cent. The first $25,000, is not taken into consideration for any purpose in the tax imposed on the $75,000. No further attention should be paid under our statute to the $25,000, after a tax of two per cent has been imposed against it. Then, any amount over and above the $25,000 or any part thereof up to $50,000, is subject to a tax of four per cent, and so on.

The New York law is helpful in an effort to ascertain the intention of the legislature. Little if any help is afforded from the decisions of foreign states due to the difference in the language of their respective statutes. Clearly there is a doubt as to the construction which should be placed upon the statute, which being true, the doubt should be resolved in favor of the tax payer. While it might be conceded that a departmental construction is entitled to weight and consideration, it should not be controlling when in violation of a statute.