Hillsborough, } No. 3512.
Feb. 6, 1945. }

MARCEL BERNIER, *by his next friend*

*v.*

GREENVILLE MILLS, INC.

*Thomas J. Leonard* (*John E. Allen,* on the brief, *Mr. Leonard* orally), for the plaintiff.

*Alvin A. Lucier* (by brief and orally), for the defendant.

BURQUE, J. The only question presented in the former transfer of the case was, as far as compensation was concerned, the amount which the plaintiff was entitled to recover under R. L., c. 216, s. 23. The question now presented to us is whether he is entitled to have his award computed under sections 24 and 27, in the event that award is greater than it is under section 23. Our answer is yes.

Prior to 1939 the act provided for compensation based on disability and inability to earn. In 1939 the Legislature amended the act adding two new sections (ss. 4 and 5 of c. 195 of Laws, 1939, now ss. 23 and 24 of R. L., c. 216), the pertinent provisions of which, as applied to the instant case, are as follows:

"23. PERMANENT PARTIAL DISABILITY. In case of disability partial in character but permanent in quality, compensation computed as provided in section 22 shall be . . . as follows:" and here follows an enumeration of disabilities, such as the loss of fingers for which a specific amount is allowed.

Section 24, enacted at the same time, reads as follows:

"24. COMPUTATION. The compensation paid under the provisions of section 23 shall be in lieu of any and all compensation due under any other provisions of this subdivision, except that if the total compensation to which the employee is entitled under the provisions of this subdivision, exclusive of said section 23, exceeds the compensation provided under said section 23, said employee shall be entitled to such compensation in lieu of the compensation due under section 23."

Here is a very definite and explicit exception. If the employee is entitled to greater compensation under other sections of the act based on disability and incapacity to earn, section 24 specifically provides that he is entitled to have his compensation computed and awarded under the provisions of the other sections of the act in the event the award is to be greater than that under section 23. There can be no doubt that the Legislature intended to give the injured workman all he could get, and that the greater amount he is entitled to is the one he should receive. Otherwise section 24 would be meaningless. Its language is so clear and so definite that it leaves but one construction, one interpretation, to be given to it, the one we adopt.

Section 22 defines what the workman is entitled to "FOR INCAPACITY" total or partial; section 26 for "PARTIAL INCAPACITY" and section 27 sets the "LIMIT OF COMPENSATION." If upon hearing the injured workman can prove that he is entitled to a greater award

than he can recover under section 23, he has the right to have his compensation computed under these sections and have judgment therefor.

Of course the plaintiff cannot have an award based on all of the applicable sections; to wit, sections 22, 23, 26 and 27. He is limited to section 23 or to the other three sections. No pyramiding is allowed where there is but one form of injury at one time; the statute does not contemplate any such result.

The plaintiff claims he is entitled to an award of $2,400. The defendant does not agree that is so. We do not have to pass on this issue at this time. The function of determining this question is primarily that of the trial Court.

The defendant has not briefed nor argued its exception to the Court's granting a new trial in the event justice requires it, and we assume the exception is waived. The plaintiff's exception is sustained.

*New trial.*

All concurred.