Hillsborough, } No. 3717.
May 4, 1948. }

### CATHERINE O'BRIEN *v.* MANCHESTER YARN MILLS.

*Chretien & Craig* (*Mr. James A. Manning* orally), for the plaintiff.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendant.

BRANCH, C. J.  Section 23 of the Revised Laws, chapter 216, under which the plaintiff was awarded compensation, entitled "PERMANENT PARTIAL DISABILITY" provides a schedule of specific payments for the loss of various parts of the body.  Section 27 of the same statute, entitled "LIMIT OF COMPENSATION" provides as follows:

"27. LIMIT OF COMPENSATION.  In no event shall any compensation paid under this subdivision exceed the damage suffered, nor shall any weekly payment in any event, exceed eighteen dollars, or extend over more than three hundred weeks from the date of the accident.  Such payment shall continue for such period of three hundred weeks, if total or partial disability continues during such period.  No such payment shall be due or payable for any time prior to the giving of the notice required by section 16."

It is argued by the plaintiff that she should have been granted

compensation in accordance with the provisions of section 27, rather than section 23. Clearly she was entitled to have her compensation determined under the section of the statute which would be most beneficial to her. *Bernier* v. *Mills*, 93 N. H. 299.

The Court's finding that the plaintiff is 75% disabled but only 25% of her disability is due to the accident, cannot be sustained. Here reference was obviously made to the medical testimony that the plaintiff was suffering from hypertension and arteriosclerosis, and that "the percentage of disability that is caused by these diseases, outside of the hand . . . amounted to 75%." The doctor further testified as follows, however: "But if she didn't have the accident and she had all these other things you say are 75%, still she would be able to work in the mill and get her $30 a week, is that right? A. Yes." Further he testified: "Would you say that, without this accident, regardless of her condition of high blood pressure, she would be able to work? A. Yes. Q. And would probably be working? A. Probably."

It appears to be the law everywhere that where accidental personal injury, under a workmen's compensation act, aggravates a pre-existing physical condition, the injured employee is nevertheless entitled to compensation. Am. Dig. System, Title: Workmen's Compensation, *s.* 552; *Valleé* v. *Company*, 89 N. H. 285.

The accident happened upon May 31, 1946. The hearing took place March 24, 1947, the Court's decree being dated April 15, 1947, eleven months after the accident took place. The plaintiff was alive and testified at the time of the hearing. It is, therefore, obvious that at that time she was entitled to some compensation under section 27 of the statute, which if awarded in the maximum amount allowable for total disability would exceed the award under section 23. It is therefore evident that the ruling of the court that "due to the state of the evidence on the question of the plaintiff's expectancy of life, the Court rules that compensation must be awarded plaintiff in accordance with the provisions of R. L., *c.* 216, *s.* 23," was erroneous and must be set aside.

For the reasons indicated above, there must be a

*New trial.*

All concurred.