208 P.2d 799

**McCALL v. POTLATCH FORESTS, Inc. et al.**

**No. 7472.**

Supreme Court of Idaho.

June 28, 1949.

Rehearing Denied Aug. 29, 1949.

Frank L. Benson, Creston, Montana, C. V. Boyatt, Pocatello, for appellant.

Elder Elder & Smith, Coeur d'Aleur, for respondents.

412

GIVENS, Justice.

This case on former appeal, 67 Idaho 415, 182 P.2d 156, was remanded for the Board to determine claimant's permanent disability and make the appropriate award, which they have done, for 90% loss of a leg at the hip. Appellant contends the award should have been for total disability, in addition to the computed percentage loss, or at least total disability and additional partial from the date of the preceeding award and the date of this award.

Section 72-310, I.C., fixes the amount of compensation for total disability and so far as this case is concerned, there has been no material change in it or Sec. 72-311, I.C., since they were first adopted in 1917.

The pertinent parts of Sec. 72-313, I.C., as originally adopted in 1917, were these paragraphs:

"In the case of the following injuries the compensation shall be fifty-five per centum of the average weekly wages, but not more than Twelve Dollars, to be paid weekly for the periods stated against such injuries respectively, to-wit:

* * * (specific schedule) * * *

"In all other cases in this class, compensation shall bear such relation to the amount stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule." 1917 S.L. p. 264.

The first paragraph was amended in 1921, Chap. 217, 1921 S.L. p. 477, by substituting for "Twelve Dollars, to be paid weekly", "the weekly compensation provided in Section 6231 (now Sec. 72-310, I.C.)" and adding after the substitution: "in addition to all other compensation, * * *." The first paragraph was amended in 1927, Chap. 106, 1927 S.L. p. 140, by adding after such clause, "in addition to all other compensation," "for 99 per cent." This amendment has been construed as requiring the odd 1% to be the employee's contribution to the second-injury fund, Sec. 72-314, I.C., matched by like amount from the employer, making 2%, Sec. 72-314, I.C. The 1929 amendment to the first paragraph merely corrected a misspelled word. Chapter 241, 1937 S.L. p. 432, amended the second paragraph, substituting for the words, "in this class," "of permanent injury, not included in the above schedule, the * * *." This amendment was probably prompted by Barry v. Peterson Motor Co., 55 Idaho 702, 46 P.2d 77.

Appellant contends the clause, "in addition to all other compensation" means that a claimant, after the expiration of the healing period, when he is surgically healed, or surgery and/or medicine can do nothing further to reduce the extent of the injury, is entitled to an award under the specific schedule in addition to continuing partial or total, insisting that in this case he has been totally disabled, and relies upon Kelley v. Prouty, 54 Idaho 225, 30 P.2d 769.

It is perfectly apparent the words "in addition" there used (54 Idaho page 246 (10), 30 P.2d page 777(10), rt. hand col.) referred to the payments made to claimant prior to the time his condition had become static and the court was determining the proper rule (use of glasses) to be applied in making the specific indemnity award under Sec. 72-313, I.C., and the opinion as carried into effect bears out the construction that the clause "in addition to all other compensation" means but one permanent award—"in addition to" referring to the temporary compensation accruing prior to the time claimant's condition becomes sufficiently fixed or static for the Board to make a final award under Section 72-310 or 72-313, I.C.

If the Legislature had intended double or pyramided permanent compensation, it would have put the clause "in addition to all other" immediately after the clause "fifty-five per centum of the average weekly wages," thus reading:

"In the case of the following injuries the compensation shall be fifty-five per centum of the average weekly wages, in addition to all other compensation * * *." because, while the rule that a qualifying clause refers solely to the last antecedent may be overturned by indication of a contrary legislative intent, Myer v. Ada County, 50 Idaho 39, 293 P. 322, the above history of the statutes' transmutation does not indicate a legislative intent contrary to the general rule of juxtaposition.

The construction given a statute by the executive and administrative officers of the State is entitled to great weight and will be followed by the Court unless there are cogent reasons for holding otherwise. United Pacific Ins. Co. v. Bakes, 57 Idaho 537, 67 P.2d 1024; Ada County v. Bottolfsen, 61 Idaho 363, 102 P.2d 287; Breckenridge v. Johnston, 62 Idaho 121, 108 P.2d 833; State ex rel. Wedgwood v. Hubbard, 63 Idaho 791, 126 P.2d 561.

No instances of double or pyramiding awards have been called to our attention and the record would indicate the universal application by the Board from the inception of the statute has been to the contrary; i. e., awards for total permanent disability have been made under Sec. 72-310 I.C., and for partial disability since 1937, under Sec. 72-313, I.C., but never under both.

It is often considered that the Legislature intends an amended statute to have a meaning different from that theretofore accorded it and it may be urged the 1949 amendment to Sec. 72-313, I.C., has such effect herein, the two pertinent paragraphs now reading:

"An employee, who suffers a permanent injury less than total, shall, in addition to compensation, if any, for temporary total and temporary partial disability, be entitled to specific indemnity for such permanent injury equal to 60% of his average weekly wages, but not more than $20 nor less than $10 per week for 99% of the periods

of time stated against the following scheduled injuries respectively.

\* \* \* \* \* \*

"In all other cases of permanent injury, less than total not included in the above schedule, the compensation shall bear such relation to the periods stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule." Chap. 212, 1949 S.L. pp. 450–451.

The construction placed upon Sec. 72-313, I.C., by the Board and Court prior to this time has, however, now merely been recognized by the Legislature and definitively stated in such amendment; Coca-Cola Co. v. State Board of Equalization, 25 Cal.2d 918, 156 P.2d 1, as page 3 (3, 4), and it is therefore clear this amendment was really meant to clarify and not change the provisions as applied. Moore v. Pleasant Hasler Const. Co., 51 Ariz. 40, 76 P.2d 225, 228–229; San Joaquin Ginning Co. v. McColgan, 20 Cal.2d 254, 125 P.2d 36, 41; School District No. 18 v. Pondera County, 89 Mont. 342, 297 P. 498, 502(9, 10); Barlock v. Orient Coal & Coke Co., 114 Pa.Super. 228, 173 A. 666, 668.

Ujevich v. Inspiration Consol. Copper Co., 42 Ariz. 276, 25 P.2d 273, 275, is very similar to the case at bar, both as to injury and procedure. The Board had not made an award because the condition was not static, as herein. On the first appeal the court remanded for an award as herein and on the second appeal, the award in effect held that compensation on a percentage of the specific schedule was exclusive; i. e., there could be no pyramiding or double indemnity and was affirmed in Ossic v. Verde Central Mines, 46 Ariz. 176, 49 P.2d 396. This ruling was further approved in Rose v. Industrial Commission, 52 Ariz. 466, 83 P.2d 786.

The following authorities, though construing variously worded statutes, are in principle to like effect: Osterlund v. State, 129 Conn. 591, 30 A.2d 393, 397; Liberty Mutual Ins. Co. v. Holloway, 58 Ga.App. 542, 199 S.E. 334, 336; Rogers v. Board of Public Utilities, etc., 158 Kan. 693, 149 P.2d 632; Chamberlain v. Bowersock Mills & Power Co., 150 Kan. 934, 96 P.2d 684, 129 A.L.R. 654, Ann. 663; Smith v. Turner Lumber Co., La.App. 174 So. 699, 701; Dosen v. East Butte Copper Mining Co., 78 Mont. 579, 254 P. 880, cited with approval in Barry v. Peterson Motor Co., supra; Bernier v. Greenville Mills, Inc., 93 N.H. 299, 41 A.2d 221; Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000, 1004; Lente v. Lucci, 275 Pa. 217, 119 A. 132, 24 A.L.R. 1462; Casper v. State Workmen's Insurance Fund, 132 Pa.Super. 96, 200 A. 186; Croll v. Miller, 133 Pa.Super. 448, 2 A.2d 527; Porto v. Philadelphia & Reading Coal & Iron Co., 137 Pa.Super. 590, 10 A.2d 29; Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463; Great American Indemnity Co. v. Sams, Tex.Civ.App., 170 S.W.2d 564, 565; Travelers Ins. Co. v. Davis, Tex.Civ.App., 191 S.W.2d 880, 982.

■ No additional award under Sec. 72-312, I.C., can now be made, because claimant's injury is permanent, not temporary.

■ Subsidiary to his main contention, appellant urges the Board wrongly rejected his assertion of fraud in the original agreement, adverted to in the former appeal and rejected therein, based on the asserted misstatement in the agreement that he had returned to work. In the first place, the record shows that he did work, though not at his former occupation. As noted in the first opinion, fraud was not plead as required, Rodius v. Coeur d'Alene Mill Co., 46 Idaho 692, 271 P. 1, and the application as made was for an additional award on the ground of change in condition and the original agreement as approved by the Board was not appealed from —hence no other issues could be considered. Pruett v. Cranston Chevrolet Co., 63 Idaho 478, 121 P.2d 559. The former opinion is res adjudicata; thus foreclosing any issue of fraud because not plead, or any other issue. Pruett v. Cranston Chevrolet Co., supra; Joyce v. Murphy Land & Irrigation Co., 35 Idaho 549, 208 P. 241; South Boise Water Co. v. McDonald, 50 Idaho 409, 296 P. 591; United States ex rel. Ray v. Porter, D.C., 24 F.2d 137. The only charge of fraud is that appellant relied on respondents' previous conduct and assumed the agreement was in order and signed it without reading it. This did not constitute fraud, as failure of a party to read a contract, not being so prevented or otherwise circumvented by the other party, is not ground for setting it aside. Hampton v. Lee, 49 Idaho 16, 22, 285 P. 1023; West v. Prater, 57 Idaho 583, 594, 67 P.2d 273. Furthermore, though on the record the Board rejected the fraud plea, it went fully and exhaustively into appellant's condition, employment, ability or inability to work, and the hearing was unhindered and not circumscribed by the statement in the agreement as to appellant's return to work.

The real and ultimate question is as to the extent of appellant's disablement. Appellant refused to submit to surgery. Some seven physicians, all shown to be well qualified, testified as to appellant's condition, their respective diagnoses and prognoses; need or ineffectiveness of surgery, such as amputation, arthroplasty, giving more freedom of movement of the joint; and arthrodesis or fusion, stabilizing it; and what the total award should be, varying from 75% of total loss of the leg at the hip to total permanent disability; and there was disagreement among them.

■ The Board, in determining appellant's condition and fixing the award, took into consideration all factors: his condition physical and mental, past, present and future; the changing and possible progressive nature of the injury; that he could no longer work as a logger, but could engage in some kind of light employment —and we cannot say that the Board did not

lawfully exercise the discretion given it to exclusively and authoritatively determine the amount of the award, Byouk v. Industrial Commission of Colorado, 106 Colo. 430, 105 P.2d 1087; Helms v. New Mexico Ore Processing Co., 50 N.M. 243, 175 P.2d 395, and under the well known rule, its determination of facts being binding upon us and, there being sufficient evidence to sustain the award, it is affirmed.

HOLDEN, C. J., PORTER and TAYLOR, JJ., and SUTPHEN, District Judge, concur.