OPINION OF THE COURT
Martin B. Stecher, J.
Consolidated for disposition are the motion of the defendants for summary judgment in this declaratory judgment action, and a motion by the plaintiff to compel depositions. (The plaintiff also cross-moves for an order "dismissing the summary judgment motion” for reasons directed to the attor *180 neys for the defendants. That cross motion has apparently been withdrawn.)
The motion for summary judgment turns on the irrevocability of what had been termed "irrevocable proxies” (Business Corporation Law, § 609). The defendants seek judgment declaring that the proxies were revocable and were, in fact, revoked.
The plaintiff and the individual defendants other than Ireland are shareholders of the defendant Sound One Corporation. Defendant Sound Mixers, Inc. is the wholly owned subsidiary of Sound One and both corporations are engaged in the sound recording business. The plaintiff, doing business as Mixand Co., under a written equipment lease dated November 4, 1976, leased to Sound Mixers, Inc. a variety of equipment usable in the latter’s business. Although it is not completely clear, it would appear from the lease agreement that the chattels were purchased by the lessor for the benefit of the lessee at a cost of $527,396; that the lease was to run for a term of 44 months; and that at the end of that time, the lessee would be permitted to purchase the equipment for $155,464. As security for the performance of the lease, the plaintiff took personal guarantees from the stockholder defendants and took a proxy from each of the individual stockholder defendants to vote his stock in Sound One Corp. The proxy is entitled "irrevocable proxy”, bears the legend "this proxy is irrevocable” and each appoints plaintiff as proxy for "five (5) years from the date hereof or the end of the term of the equipment lease between Robert E. Schulman d/b/a Mixand Co., as Lessor and Sound Mixers Inc., as Lessee, or any continuation or adjournment thereof * * * This proxy is given in consideration of an extension or continuation of credits by Robert E. Schulman to the corporation by means of leasing to Sound Mixers Inc., the Corporation’s subsidiary certain equipment.”
Section 609 of the Business Corporation Law provides that a proxy is revocable at the pleasure of the stockholder executing it, except as otherwise provided in that section. Subdivision (f) contains the only exception which appears relevant. It provides: "(f) A proxy which is entitled 'irrevocable proxy’ and which states that it is irrevocable, is irrevocable when it is held by any of the following * * * (3) A creditor or creditors of the corporation who extend or continue credit to the corporation in consideration of the proxy if the proxy states that it was given in consideration of such extension or continuation *181 of credit, the amount thereof, and the name of the person extending or continuing credit”. (Emphasis supplied.)
The defendants contend that as the proxies do not state "the amount” of the credit they are not within the statutory exception and are, therefore, revocable at will.
The use of the word "amount” appears to be limiting and somewhat puzzling as it would seem to provide exemptions for fixed credits previously ascertained but not for the variable or fluctuating credits so common in modern business; in that it seems to provide for credits of money but not for credits for services or property which are not immediately translated into monetary terms. There are cases which have recognized that the word "amount” may refer to values expressed in nonmonetary terms (cf. Matter of Elletson, 75 Misc 582, 584; Sutton v Sutton, 35 NC App 670). The issue, here, however, should not turn on fine semantic distinctions but on the intention of the Legislature.
Although proxies have long been recognized in corporate dealings there has been, in this State, a legislative repugnance to separate voting power from share ownership. Thus, with the enactment of the General Corporation Law in 1892 (L 1892, ch 687, § 21) it was provided that "[e]very proxy shall be revocable at the pleasure of the person executing it”. In 1929, on re-enactment and amendment of the General Corporation Law (L 1929, ch 650), exceptions were created to the irrevocability of proxies where the shares were the subject of "a valid pledge or * * * an executory contract of sale”. (General Corporation Law, § 19.)
In 1953 (L 1953, ch 863) a new section 47-a was added to the Stock Corporation Law whose terms were subsequently made applicable to section 19 of the General Corporation Law (L 1957, ch 326, § 1). It was this enactment which substantially formulated our present statute (Business Corporation Law, § 609) and was adopted pursuant to a 1952 Law Revision Commission (NY Legis Doc, 1953, No. 65[G], p 239) recognition that "business needs [require] additional exceptions to the rule of revocability of proxies.”
The report stated (pp 239-240):
"In the great majority of jurisdictions the rule is subject to a much broader exception, namely, that a proxy is irrevocable when 'coupled with an interest’. However, the term 'coupled with an interest’ as applied to irrevocable proxies is decidedly ambiguous and subject to widely different interpretations in *182 the various jurisdictions where it has been adopted. It seems inadvisable therefore, to employ this terminology in amending the New York law.
"Section 47 of the Stock Corporation Law provides that a stockholder shall not issue a proxy to vote to any person for any sum of money or any thing of value, and thus in effect, prohibits the giving of an irrevocable proxy as consideration for a benefit either to the stockholder (except in the case of a pledge of stock or executory contract for sale of stock) or to the corporation itself. Decisions in other jurisdictions, however, afford precedent for recognizing irrevocable proxies in two situations where assurance of voting power to a third party may furnish an inducement for benefits the corporation could not otherwise obtain. Thus, a provision permitting the giving of irrevocable proxies to creditors of a corporation who extend or continue credit in consideration of the proxies may facilitate aid to a corporation in financial difficulties. [Citation omitted.] A provision permitting the giving of irrevocable proxies to a person employed as officer may similarly benefit the corporation, where such proxies are an inducement to the prospective employee, assuring him of support for contemplated policies of management. The Commission believes that the statute should permit the creation of irrevocable proxies in these two situations, as well as in the cases of a pledge of stock or executory contract for the sale of stock now provided for.
"To avoid any misunderstanding as to the reason for the irrevocability of the proxy in these situations, in the case of a proxy given in consideration of an extension or continuation of credit to the corporation the proxy should state on its face that it was given in consideration of such extension or continuation of credit, the amount thereof and the name of the person extending or continuing credit”. (Emphasis supplied.)
In my view what the Legislature intended was to make credit more readily available to satisfy the needs of corporations whose stockholders were prepared to yield voting rights during the period of the extension of the credit.
An equipment lease providing for the payment of future rent is an extension of credit. True, where the rental is fixed, the gross rent reserved can be stated in the proxy as an "amount”. Where the amount of rent is subject to other factors, it cannot be so stated. What the Legislature intended by requiring a statement on the proxy of the "amount” of the credit and the name of the person extending it was the *183 avoidance of "any misunderstanding as to the reasons for the irrevocability of the proxy” (Law Revision Comm Report, NY Legis Doc, 1953, No. 65[G], p 240).
There can be no misunderstanding here. The lease to which the proxy makes reference is in writing and is detailed. The total amount of the rent to be paid, that is, the credit extended, is $671,575 subject to late payment additions. The term is clear and precise: 44 months from November 1, 1976, terminating on June 30, 1980. By making reference to the lease in the proxy, the "amount” of the credit is stated.
It would be a poor system of laws which relied more on the dictionary than on legislative intent in the interpretation of statutes. As Learned Hand has said: "Of course it is true that the words used, even in their literal sense, are the primary, and ordinarily the most reliable, source of interpreting the meaning of any writing: be it a statute, a contract, or anything else. But it is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning” (Cabell v Markham, 148 F2d 737, 739); and again, "There is no surer guide in the interpretation of a statute than its purpose when that is sufficiently disclosed; nor any surer mark of over solicitude for the letter than to wince at carrying out that purpose because the words used do not formally quite match with it.” (Federal Deposit Ins. Corp. v Tremaine, 133 F2d 827, 830; to the same effect see Matter of Petterson v Daystrom Corp., 17 NY2d 32, 38; Essenfeld Bros. v Hostetter, 14 NY2d 47, 52; Federal Trade Comm. v Tuttle, 244 F2d 605, 615.)
It appears, prima facie, that this lease agreement is an extension of credit and that there can be no misunderstanding as to the reasons for the delivery of irrevocable proxies. Prima facie, the plaintiff has lived up to its undertaking. The defendants should not be permitted to avoid theirs by means of a narrow, semantic interpretation contrary to the intention of a statute.
The defendants’ motion for summary judgment is denied. Plaintiff’s motion to compel depositions is granted.
Settle order providing a schedule of depositions to be held in the courthouse or at such other place as counsel may agree upon.